IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JL, through her next friend, Bruce Thompson, Esq.
EH, through her next friend, Feliz Rael, Esq.
RH, through her next friend, Barbara Creel, Esq.
Teresa Gomez, as sister and next friend of and on behalf of DA, and
KC, through her next friend Dianne Garrity, Esq.,

       Plaintiffs,

                                        Civil No. 12-1145 MV/LAM

  v.

NEW MEXICO DEPARTMENT OF HEALTH,
LOS LUNAS CENTER FOR PERSONS WITH
DEVELOPMENTAL DISABILITIES,
CATHERINE TORRES, in her official capacity as
Secretary of the New Mexico Department of Health,
BETH SCHAEFER, individually and in her capacity
as agent for the New Mexico Department of Health,
DAN SANDOVAL, individually and in his capacity
As agent for the New Mexico Department of Health,
ROGER ADAMS, individually and in his capacity
As agent for the New Mexico Department of Health,
JOSEPH MATEJU, individually and in his capacity
As agent for the New Mexico Department of Health,
EASTERN NEW MEXICO MENTAL RETARDATION
SERVICES d/b/a/ EASTERN NEW MEXICO
REHABILITATIVE SERVICES FOR THE HANDICAPPED, INC.,
DAMIAN HOUFEK, individually and in his capacity
as agent for ENMRSH, Inc.,
ROBERT SPENCER, individually and in his capacity
as agent for ENMRSH, Inc.,
THE ROBERT B. SPENCER FOUNDATION, and
ZIA HOLDING CORPORATION a/k/a Zia Housing Corporation,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs' Motion for Order Prohibiting

Interference with Access to the Judicial System and Memorandum in Support Thereof ("Motion to

1

Prohibit Interference") [Doc. 18] and Plaintiffs' Motion to Appoint Guardians Ad Litem and Memorandum in Support Thereof ("Motion to Appoint Guardians") [Doc. 19]. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that the Motion to Prohibit Interference is not well-taken and will be denied, and the Motion to Appoint Guardians is well-taken and will be granted.

## BACKGROUND

The instant case was filed on behalf of five developmentally disabled Plaintiffs who are clients of Defendant Eastern New Mexico Mental Retardation Services d/b/a Eastern New Mexico Rehabilitative Services for the Handicapped, Inc. ("ENMRSH"). Doc. 1 -1 at 2. ENMRSH receives funding through the State's Developmental Disabilities ("DD") Waiver program to provide residential, day habilitation and supported employment services to individuals with developmental disabilities. *Id.* The Complaint alleges, *inter alia*, that Plaintiffs have suffered abuse and neglect caused or permitted by ENMRSH, have been exploited by ENMRSH, and have been deprived of the full array and quality of services, support and benefits to which they are entitled by law from ENMRSH. *Id.*

Plaintiffs' counsel has filed two motions. The first motion seeks an order "prohibiting any party and any agent of any party from interfering with the Plaintiffs' access to the judicial system, including any actions to interfere with Plaintiffs' relationships with their counsel, and with their next friends, and also prohibiting any agent of any Defendant from speaking to any Plaintiff regarding the instant litigation and explicitly prohibiting any form of retaliation against any Plaintiff for bringing the instant lawsuit." Doc. 18. Defendants ENMRSH, Damian Houfek, Robert B. Spencer, and Zia Holding Corporation (collectively, the "ENMRSH Defendants") filed

a response in opposition to the Motion to Prohibit Interference.  Doc. 24.[1]  Plaintiffs' second motion requests that the Court appoint guardians ad litem for four of the Plaintiffs.  Doc. 19.  In its response to that motion, the ENMRSH Defendants consent to Plaintiffs' Motion to Appoint Guardians, but request that the Court's Order granting the motion "reserve to Defendants the right to later challenge the appointment of guardians for purposes of litigation."  Doc. 25 at 2.[2]

## DISCUSSION

I.   <u>Motion to Prohibit Interference</u>

In the Motion to Prohibit Interference, Plaintiffs' counsel asserts that "[a]gents of ENMRSH have engaged in a pattern and practice of attempting to undercut the relationships between Plaintiffs and their counsel."  Doc. 18 at 3.  Specifically, Plaintiffs' counsel alleges that ENMRSH employees told Plaintiffs that their lawyers are troublemakers, discouraged Plaintiffs from communicating with their lawyers, questioned Plaintiffs about their communications with counsel, insisted that counsel speak with a Plaintiff only in the presence of her corporate guardian, urged Plaintiffs to sign forms indicating that they do not want communication with counsel, caused Plaintiffs to fear retaliation for bringing the instant action, initiated conversations with Plaintiffs about the lawsuit, and took from a Plaintiff correspondence addressed to her from counsel.  *Id.* at

---

[1] Defendant The Robert B. Spencer Foundation ("the Foundation") filed a response adopting and incorporating the ENMRSH Defendants' response.  Doc. 26.  Defendants New Mexico Department of Health ("NMDH"), Los Lunas Center for Persons with Developmental Disabilities ("Los Lunas Center"), Catherine Torres, Beth Schaefer, Dan Sandoval, Roger Adams and Joseph Matheju (collectively, the "State Defendants") filed a response, in which they state that they have agreed to a circulated order by Plaintiffs and that it is their understanding that the approved order as circulated will be submitted to the Court for adoption.  Doc. 22.  The Court notes that it has received no such stipulated order for review.

[2] The Foundation filed a response in which it adopts and incorporates the ENMRSH Defendants' response.  Doc. 27.  The State Defendants filed a response in which they state that they have agreed to a circulated order by Plaintiffs and that it is their understanding that the approved order as circulated will be submitted to the Court for adoption.  Doc. 23.  The Court notes that it has received no such stipulated order for review.

3-5.  The ENMRSH Defendants deny each and every allegation made by Plaintiffs in support of their motion.  Doc. 24 at 2.

Plaintiffs provide no legal authority for their motion.  Indeed, Plaintiffs point to no jurisdictional basis for the Court to grant the sort of relief they request.  It is not until the end of their reply brief that Plaintiffs suggest that their request "is in the nature of a motion for preliminary injunction."  Doc. 38 at 12.  The Court disagrees that the motion is one for a preliminary injunction.  Plaintiffs do not seek preliminary relief as to any of the claims asserted in their Complaint.  Rather, the relief sought in Plaintiffs' Motion to Prohibit Interference is separate and apart from the relief sought in the underlying action.  Accordingly, there would be nothing "preliminary" about granting the request for relief set forth in Plaintiffs' Motion to Prohibit Interference.

The Court can discern no legal basis to grant the relief sought by Plaintiffs.  Nonetheless, the Court recognizes that the circumstances of this case present unique challenges, as Plaintiffs reply upon Defendants' employees for their care, and thus must remain in constant contact with them.  Plaintiffs are entitled to litigate this case without fear of retaliation from the people upon whom they rely, and to communicate freely with their attorneys.  The Court thus notes that Plaintiffs' counsel and Defendants' counsel alike are bound by the New Mexico Rules of Professional Conduct.  D.N.M.LR-Civ. 83.9.  In particular, Rule 16-402 provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.  Except for persons having a managerial responsibility on behalf of the organization, an attorney is not prohibited from communicating directly with employees of a corporation, partnership or other entity about the subject matter of the representation even though the corporation, partnership or entity itself is represented by counsel.

Rule 16-402, N.M. Rules of Professional Conduct.  Further, to the extent that Plaintiffs' counsel is concerned about ensuring that, despite this litigation, Plaintiffs' representatives are permitted access to the information necessary to fulfill their role in overseeing Plaintiffs' care, the Court's appointment of guardians ad litem, as discussed below, should address and alleviate such concerns.

II.     Motion to Appoint Guardians

Plaintiffs ask the Court to appoint guardians ad litem for four of the Plaintiffs, JL, EH, RH, and KC, for the purpose of representing their best interests in prosecuting the Complaint herein. In support of this request, Plaintiffs' counsel states that "Plaintiffs have indicated their assent to filing this lawsuit but appeared to undersigned counsel to be incompetent to provide consent to filing and prosecuting a civil action for damages."  Doc. 19 at ¶ 4.  Plaintiffs' counsel alleges "evidence of Plaintiffs' incompetence to pursue this lawsuit independently, without the assistance of a guardian ad litem."  *Id.* at ¶ 12.  Based on the evidence of their developmental disabilities, Plaintiffs' counsel argues that Plaintiffs "are unable to fully comprehend the significance of this litigation and to make informed decisions regarding the litigation."  *Id.* at ¶ 17.

"The appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure."  *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35 (5th Cir. 1958).  Under Rule 17(c), "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c).  In determining whether a party is incompetent, and thus in need of a guardian ad litem, the Court "must only satisfy the requirements of due process."  *Scannavino v. Florida Dep't of Corrections*, 242 F.R.D. 662, 664 (M.D. Fla. 2007).  "In the context of federal civil litigation, the relevant inquiry is whether the litigant is mentally competent to understand the

5

nature and effect of the litigation she has instituted." *Id.*   An evidentiary hearing is not necessary if the submissions of the parties are sufficient for the Court to make a competency determination. *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 653 (2d Cir. 1999).

Here, Plaintiffs' counsel has stated allegations that, if true, demonstrate that Plaintiffs JL, EH, RH and KC lack capacity, at least to a sufficient degree that they cannot be expected fully to "understand the nature and effect of the litigation [they have] instituted."   *See* Doc. 19 at ¶¶ 12-17. ENMRSH Defendants do not dispute any of the factual allegations set forth by Plaintiffs' counsel, or request an evidentiary hearing to establish Plaintiffs' incompetency.   And despite a general denial that Plaintiffs are incompetent, ENMRSH Defendants note their consent, and the consent of the other Defendants in the action, to the appointment of guardians ad litem by this Court, as requested in Plaintiffs' motion.   Given the strength of the undisputed allegations set forth in Plaintiffs' Motion and Defendants' agreement to Plaintiffs' request, the Court finds that appointment of guardians ad litem for Plaintiffs JL, EH, RH, and KC is appropriate.

Defendants, however, seek to reserve "the right to later challenge the appointment of guardians for purposes of litigation."   Doc. 25 at 2.   In support of this request, Defendants argue that the Court need not appoint guardians for either Plaintiff DA or Plaintiff EH, as each already has an appointed guardian.   These arguments are unavailing.   First, Plaintiffs' counsel does not seek appointment of a guardian ad litem for DA.   Second, although EH has a corporate guardian, Quality of Life Guardians, LLC ("Quality of Life"), Plaintiffs have alleged, and Defendants have not disputed, that Quality of Life has a potential conflict of interest.   Specifically, Quality of Life has expressed uncertainty regarding whether it wishes to participate in this action against the ENMRSH Defendants, because many of its other protected persons are enrolled with ENMRSH. Doc. 19 ¶ 8.   Because of this potential conflict of interest, Plaintiffs' counsel seeks to have a

6

guardian ad litem appointed for EH.  Plaintiffs' counsel represents to the Court that Quality of Life has advised that while it takes no position, it does not oppose the motion to appoint a guardian ad litem for EH.  *Id.*

Under Rule 17(c) the Court has power "to authorize someone other than a lawful representative to sue on behalf of an . . . incompetent person where that representative is unable, unwilling or refuses to act or has interests which conflict with those of the . . . incompetent."  *Sam v. Carcieri*, 608 F.3d 77, 85 (1st Cir. 2010) (citation omitted).  The Court finds that, because Quality of Life has interests which conflict with those of EH, and/or may be unwilling or refuse to participate in this action on behalf of EH, appointment of a guardian ad litem for EH is proper.

The Court further finds that, to the extent Defendants seek to reserve the right, at some future point, to demonstrate that Plaintiffs are incompetent, Defendants' request is nonsensical.  The Court may not appoint guardians ad litem unless it has first determined that the plaintiffs are unable to understand the nature and effect of the litigation they have instituted.  Defendants' consent to the appointment of guardians for JL, EH, RH and KC thus necessarily includes their consent to the Court's finding that these Plaintiffs are incompetent.  Further, the law is clear that, once appointed, "the guardian ad litem is a representative of the court to act for the [incompetent person] in the cause, with authority to engage counsel, file suit, and to prosecute, control and direct the litigation."  *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989) (citation omitted).

Nonetheless, the law is equally clear that, "[a]fter appointing a guardian ad litem, a court maintains a continuing obligation to supervise the guardian ad litem's work."  *Neilson*, 199 F.3d at 652.  Specifically, this Court "may remove the guardian ad litem, or choose not to approve the guardian ad litem's proposals."  *Id.*  Defendants thus are not without remedy if, during the course of the litigation, they believe that the guardians appointed pursuant to this Order are not properly

protecting the Plaintiffs' best interests. Rather, all of the parties to this action, including Defendants, have a continuing right to apply to the Court "to remove the guardian ad litem and/or have the court appoint another guardian ad litem to protect [a Plaintiff's] interests." *Garrick*, 888 F.3d at 693; *see also Hull v. United States*, 53 F.3d 1125, 1127 (10th Cir. 1995) (same).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Order Prohibiting Interference with Access to the Judicial System and Memorandum in Support Thereof [Doc. 18] is denied.

**IT IS THEREFORE FURTHER ORDERED** that Plaintiffs' Motion to Appoint Guardians Ad Litem and Memorandum in Support Thereof [Doc. 19] is granted, as follows: the Court appoints Bruce Thompson, Esq., as Guardian ad Litem for JL, Feliz Rael, Esq., as Guardian ad Litem for EH, Barbara Creel, Esq., as Guardian ad Litem for RH, and Diane Garrity, Esq., as Guardian ad Litem for KC.

DATED this 25th day of April, 2013.

_____
MARTHA VÁZQUEZ
United States District Judge