IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JL, through her next friend, Bruce Thompson, Esq.,**
  **et al.,**

      **Plaintiffs,**

v.                                                                 No. 2:12-CV-01145 MV/LAM

**NEW MEXICO DEPARTMENT OF HEALTH,**
  **et al.,**

      **Defendants.**

### STIPULATED CONFIDENTIALITY ORDER

Pursuant to the stipulation of the parties, **IT IS HEREBY ORDERED** that the following provisions shall govern claims of confidentiality in these proceedings.

1.  Review of the confidential documents and information by counsel, experts or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

2.  The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. All parties are under a duty to promptly return any documents inadvertently produced. Return of such documents does not waive a party's right to seek the Court's determination as to whether any privilege or work product protection applies. No party shall retain any copies of documents to which this provision applies and it does not waive a party's right to seek the Court's determination as to whether the production was in fact

inadvertent.  Further, the inadvertent production of documents in this case shall not serve as a basis to disqualify any counsel in this case.

3. Certain information produced in this action through formal or informal discovery procedures by the parties hereto may be confidential information, and may be in the form of documents, deposition testimony or other communication.  The documents, or parts thereof, containing such information will be designated after review by the producing party by stamping the word "confidential" on each page.  Defendants may designate as confidential specific documents that:

a. set forth Defendants' business plans;

b. personnel files of Defendants' employees; and

c. reflect compensation of Defendants' employees (not including publicly-available documents reflecting compensation of Defendants' employees such as IRS Form 990's, audits, or other documents previously sent to government agencies).

Such confidential documents produced by a party in response to discovery in this litigation may only be used for the purpose of this litigation. Within 90 days after the conclusion of this litigation, including after exhaustion of all possible appeals, all confidential documents described in this paragraph (and all copies made of the confidential documents), must be destroyed or returned to the producing party and the party destroying or returning the documents must certify in writing that all copies (electronic or hard copy) were destroyed and/or returned and no confidential documents in any format were retained.

4. Further, the parties recognize that some information produced in this action may constitute "protected health information" ("PHI") within the meaning of the federal regulations interpreting the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  See

45 C.F.R. § 160.103. Seeking to ensure compliance with HIPAA, the parties agree to the following:

    a.    If any party is required to produce documents which contain PHI, the party may elect to redact the PHI from the document if it pertains to a person who is not a named Plaintiff in the lawsuit.

    b.    If a party chooses to produce documents, is required to produce documents, or otherwise uses documents produced under this order, that contain PHI, this order shall be considered a "Qualified Protective Order" as permitted by 45 C.F.R. § 164.512(e)(1)(ii) and (v), and the party producing the documentation is hereby relieved of the requirement in 45 C.F.R. § 164.512(e)(1)(ii)(A) to give notice to the patient(s) whose PHI is contained in the document of the intent to disclose PHI.

    c.    Redacted documents will not be subject to the accounting provisions of 45 C.F.R. § 164.528(a).

    d.    If redacted documents are produced, any party contending that the redacted PHI should be produced may file a motion requesting that the Court examine the documents and order their production under conditions which protect the PHI from disclosure.

    e.    None of the documents or PHI covered by this Paragraph 4 may be used for any purpose other than this litigation.

    f.    Within 90 days after the conclusion of this litigation, including after exhaustion of all possible appeals, all PHI (and all copies made of the PHI), must be destroyed

or returned to the producing party, except that Plaintiffs' PHI may be retained by Plaintiffs, their representatives and/or their guardians.

5. If any party believes a document not described in the preceding Paragraphs 3 and 4 should nevertheless be considered confidential, it may mark such document as "Confidential." If that designation is challenged pursuant to Paragraph 8, below, that party may make application to the Court as provided in Paragraph 8. Such application shall only be granted if the party seeking to designate a document as confidential can establish good cause for treating it as confidential. Until the Court rules upon the application, the document will be treated as confidential and is protected pursuant to this Stipulated Order.

6. Unless the confidential nature of a document is obvious due to PHI content, the documents, or parts thereof, containing confidential information pursuant to Paragraphs 3 and 4 will be designated after review by the producing party by stamping the word "confidential" on each page. Documents that are or have been designated confidential shall be shown only to the attorneys, parties, parties' experts, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this order and shall further be advised of the obligation to honor the confidentiality designation.

7. At the time of deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in Paragraphs 3 and 4 above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for the 10-day period. Subject to the following paragraph, any portions of a transcript designated

confidential shall thereafter be treated as confidential in accordance with this order. In filing materials with the Court in pretrial proceedings, counsel shall file under seal those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information.

8.  If a party believes that a document, testimony, or other communication designated or sought to be designated confidential by the producing party does not warrant such designation pursuant to Paragraph 3 or 4 above, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, the party seeking confidentiality must apply to the Court for a determination as to whether the designation is appropriate. The burden then rests on the party seeking confidentiality to demonstrate that such designation is proper. If no such order is sought within 20 days of the designation being challenged, then any claim of confidentiality is waived.

9.  Plaintiffs may proceed in this matter anonymously, being identified by their initials.

**IT IS SO ORDERED**

_____
**LOURDES A MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

Submitted by: *(Prior to modification by the Court)*

*/s/ Peter Cubra*
3500 Comanche NE, Suite H
Albuquerque, NM 87107
(505) 256-7690
pcubra@qwestoffice.net

5

*Counsel for Plaintiffs*

Approved by email on September 13, 2013:

_____
Jerry A. Walz
Walz & Associates
133 Eubank Blvd NE
Albuquerque, NM 87123-2750
(505) 275-1800
jerryawalz@walzandassociates.com
*Counsel for State Defendants*


_____
Terry R. Guebert
Donald G. Bruckner, Jr.
Guebert Bruckner PC
P.O. Box 93880
Albuquerque, NM 87199-4390
(505) 823-2300
tguebert@guebertlaw.com
donbruckner@guebertlaw.com
*Counsel for Defendant Spencer Foundation*


_____
Patrick D. Allen
Yenson, Allen & Wosick, P.C.
4908 Alameda Boulevard NE
Albuquerque, NM 87113-1736
(505) 266-3995
pallen@ylawfirm.com
*Counsel for ENMRSH Defendants*


CONKLIN, WOODCOCK & ZIEGLER,
By:_____
   Robert C. Conklin
   320 Gold Ave. SW, Suite 800
   Albuquerque, NM  87102
   *Attorneys for Defendant PHS*

6