# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**JL, through her next friend,**
**Bruce Thompson, Esq., et al.,**

       **Plaintiffs,**

v.    No. 12cv1145 MV/LAM

**NEW MEXICO DEPARTMENT**
**OF HEALTH, et al.,**

       **Defendants.**

## ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL [*Doc. 138*]

**THIS MATTER** is before the Court on *Plaintiffs' Motion to Compel Answers and Responses to Plaintiffs' First Set of Interrogatories and Requests for Production to Defendant ENMRSH, Inc. (Doc. 138)*, filed September 24, 2013. Defendant ENMRSH (hereinafter, "Defendant"), after requesting an extension of time to respond, which was granted, filed a response to the motion on October 31, 2013 [*Doc. 164*], and Plaintiffs, after requesting an extension of time to reply, which was granted, filed a reply on November 27, 2013 [*Doc. 195*]. This case involves allegations of failure to provide appropriate services to Plaintiffs, who are persons with developmental disabilities. In their motion to compel, Plaintiffs contend that Defendant failed to provide complete answers to Plaintiffs' discovery requests. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion to compel shall be **GRANTED in part** and **DENIED in part.**

### A. Interrogatories

#### 1. Interrogatory No. 3

Interrogatory No. 3 asks Defendant to identify all forms of compensation, direct or indirect, paid by Defendant ENMRSH to Defendants Spencer and/or Houfek for the past 10 years. [*Doc. 138* at 3].[1] Defendant objected stating that the interrogatory is beyond the scope of permissible discovery and is premature because no judgment has been entered in Plaintiffs' favor nor have Plaintiffs made a *prima facie* showing of entitlement to punitive damages. *Id.* Defendant supplemented its response stating that all financial information that is relevant is equally obtainable by Plaintiffs through the website www.guidestar.com, and that the documents produced in response to Request for Production Nos. 13 and 14 provide sufficient information to allow Plaintiffs to ascertain the answer to this interrogatory. *Id.* Plaintiffs contend that this Interrogatory is relevant to their claims regarding breach of fiduciary duty, fraud, and unjust enrichment, and that Defendant's answer is insufficient because it fails to fully provide the requested financial information, including "indirect benefits" such as "the beneficial use of personal property and retirement benefits." *Id.* at 3-4. In response, Defendant contends that Plaintiffs' allegations are based on nothing more than speculation and conjecture, and that production of IRS Forms 990 is adequate because those forms list all forms of compensation received by Defendants Spencer and Houfek. [*Doc. 164* at 5]. In reply, Plaintiffs contend that the IRS Forms 990 do not provide the indirect benefits given to these Defendants, and Plaintiffs

---

[1] Plaintiffs, in addition to attaching a copy of the interrogatories and requests for production they propounded to Defendant and Defendant's "First Supplement to Its Objections, Answers to Plaintiffs' First Set of Interrogatories and Third Supplement to Request for Production" [*Doc. 138-1*], also copied these discovery requests at issue into their motion to compel. For ease of reference, the Court will cite to Plaintiff's motion [*Doc. 138*] rather than Defendant's supplemental responses [*Doc. 138-1*].

list the types of indirect compensation they are asking Defendant to provide.  [*Doc. 195* at 3] (stating that Plaintiffs are seeking information regarding "use of a corporate vehicle, personal purchases with a corporate credit card . . .[,] use of a boat or recreational vehicle, lodging, free or discounted goods or services from the businesses owned by members of the board of directors or similar perks often provided to executives of for-profit corporations").  Plaintiffs ask the Court to compel Defendant to produce information regarding the indirect compensation or to affirmatively state that it has not provided any such indirect compensation to its executives.  *Id.*

  The Court finds that this interrogatory is relevant to Plaintiffs' claim of breach of fiduciary duty, because that claim alleges that the ENMRSH Defendants kept Medicaid money that was intended to benefit Plaintiffs for their own use.  *See* [*Doc. 102* at 106-107 at ¶¶ 480-485].  Defendants fail to provide an adequate reason why they cannot disclose information regarding indirect compensation given to Defendants Houfek and Spencer, other than that the request is overly broad and ambiguous.  Such an objection is improper when it is not accompanied with specific reasons why the request is overly broad.  *See Oleson v. K-mart Corp.*, 175 F.R.D. 570, 571 (D. Kan. 1997) ("The objecting party has the burden to substantiate its objections. . . . The objecting party must specifically show how each discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden") (citations omitted).  The Court, therefore, finds that Plaintiffs' motion to compel shall be granted as to this request, and Defendants shall produce all responsive information regarding direct and indirect compensation (as explained by Plaintiffs on page 3 of their reply to their motion to

compel) that has been paid by Defendant ENMRSH to Defendants Spencer and Houfek for the past ten (10) years.

### *2. Interrogatory No. 9*

Interrogatory No. 9 asks Defendant to describe in detail all of the experience, training, and education relevant to the delivery of services to persons with disabilities possessed by various employees of all of the predecessor entities that became ENMRSH, and the names and addresses of those employees. [*Doc. 138* at 5]. Defendants objected, stating that the interrogatory is beyond the scope of permissible discovery and is overly broad and unduly burdensome because it is unlimited as to the time period for which information is sought, and Defendant states that it provided the job descriptions for the CEO and Department Heads of ENMRSH. *Id.* Plaintiffs apparently narrowed the scope of the request to the 1970s forward, but Defendant stated that it had not been able to locate any additional responsive information. *Id.*

Plaintiff contends that Defendant's response is inadequate because it fails to provide the names and last known addresses of the individuals presently holding the jobs for which it received job descriptions, and fails to provide the names and last known addresses for employees dating back to the 1970s. *Id.* Plaintiffs also state that Defendant failed to identify the education, experience and training for Defendant's employees. *Id.* at 6. Defendants respond that this request is overly broad and that they have provided adequate responsive information and that Plaintiffs' motive in requesting this information is to "ferret out disgruntled individuals who might be willing to speak ill of ENMRSH and the services it provides." [*Doc. 164* at 5]. It is unclear to the Court what additional information Plaintiffs are still seeking; however, as worded,

Interrogatory No. 9 is much too broad to the extent it seeks information regarding employees who have not worked with Plaintiffs or who are not otherwise named in the lawsuit. The Court will grant Plaintiff's request in part and Defendant shall provide any additional information it has relating to the experience, training, and education for employees who have worked or are currently working with Plaintiffs, and for those employees who are otherwise named in this lawsuit, as well as the names and last known addresses of those employees.

### 3.   *Interrogatory No. 13*

This interrogatory asks for information relating to employees with oversight or supervisory authority over various services, and Defendant provided a list of employees with their dates of employment and a statement of what they oversee. [*Doc. 138* at 6-8]. Plaintiffs ask the Court to compel Defendant to identify specifically which individual from the list functioned in which capacity during which time period, as asked for in the interrogatory. *Id.* at 8. In its response to Plaintiffs' motion to compel, Defendant fails to explain why it did not provide the specific information Plaintiffs asked for in its response to the interrogatory. [*Doc. 164* at 6]. The Court finds that Plaintiffs' motion to compel should be granted as to this request, and Defendants shall identify the capacities in which each individual it listed in response to this interrogatory functioned, and the years in which the individual engaged in those duties, and shall identify the individual(s) with oversight or supervisory authority over each of the twelve types of services listed in this interrogatory.

### B. Requests for Production

#### 1. RFP No. 3

This request for production asks for all records describing the compensation provided to current and former officers, directors and managerial employees during the past ten years. [*Doc. 138* at 9]. Plaintiffs contend that the information is relevant to their claims of breach of fiduciary duty and fraud and their claims for punitive damages. *Id.* The Court agrees that information relating to the compensation provided to <u>named Defendants</u> in the lawsuit would be relevant to Plaintiffs' claim of breach of fiduciary duty, because that claim alleges that the ENMRSH Defendants kept Medicaid money that was intended to benefit Plaintiffs for their own use. *See* [*Doc. 102* at 106-107]. However, this request for production as worded is overly broad because it asks for compensation information for people who are not named in the lawsuit. The Court, therefore, will grant Plaintiff's request in part and Defendant shall produce records describing the compensation, as described by Plaintiffs, provided to current and former officers, directors and managerial employees during the past ten years that are also named Defendants in this lawsuit.

#### 2. RFP No. 4

This request for production asks for a copy of all audited and unaudited financial and profit and loss statements for the past ten years. [*Doc. 138* at 9]. Defendant objected stating that the request is beyond the scope of permissible discovery. *Id.* Plaintiffs state that the information is relevant to Plaintiffs claims for breach of fiduciary duty, fraud, punitive damages, and violations of the Rehabilitation Act and the Americans with Disabilities Act. *Id.* at 10. Defendants respond

that these documents are not relevant to any of those claims and that the request is based solely on speculation.  [*Doc. 164* at 7-8].  The Court finds that these documents are relevant to Plaintiffs' claim of breach of fiduciary duty, because that claim alleges that Defendant kept Medicaid money that was intended to benefit Plaintiffs for their own use.  *See* [*Doc. 102* at 106-107].  The Court, therefore, will grant Plaintiff's motion as to this request.

### 3.  RFP No. 5

It appears that the remaining issue with this request for production is that the Board of Directors' meeting minutes produced by Defendant were so heavily redacted that Plaintiffs are unable to obtain any relevant information.  *See* [*Doc. 195* at 6].  The Court finds that the Stipulated Confidentiality Order [*Doc. 137*] that has been entered in this case should adequately protect the information in these minutes and, to the extent the minutes contain any privileged information, Defendant should produce a privilege log describing what privileged information has been redacted as required by Rule 26(b)(5).  The Court, therefore, will grant Plaintiffs' motion as to this request.

### 4.  RFP Nos. 9, 10, 13 and 14

Each of these requests for production asks for information relating to the finances of the ENMRSH Defendants.  *See* [*Doc. 138* at 11-14] (RFP No. 9 - employment, compensation, and benefits contracts for Defendants Spencer and Houfek; RFP No. 10 - real or personal property documents used for Defendant ENMRSH's operations for the past ten years; RFP No. 13 - documents and correspondence with the IRS regarding Defendant's tax-exempt status; and RFP No. 14 - tax returns and correspondence with the IRS, the New Mexico Department of Taxation

and Revenue, or any other governmental authority during the past ten years).   Defendant objected to each request stating that the requests are beyond the scope of permissible discovery and, in response to RFP Nos. 13 and 14 Defendant stated that it would produce responsive documents with privileged documents withheld.  *Id.*   Plaintiffs state that the information is relevant to Plaintiffs claims for breach of fiduciary duty, fraud, and punitive damages (*id.* at 12-13), and that Defendant has not produced a privilege log (*id.* at 13-14).   Plaintiffs further state that it appears that Defendant is withholding documents relevant to RFP Nos. 13 and 14.   [*Doc. 195* at 7-8].   In response to Plaintiffs' motion to compel, Defendant states that it has already produced accounting records, tax documentation, and real estate information, and that it continues to supplement its responses to RFP Nos. 13 and 14.  [*Doc. 164* at 9-11].   As stated above, these financial and tax-related documents are relevant to Plaintiffs' claim of breach of fiduciary duty, because that claim alleges that Defendant kept Medicaid money that was intended to benefit Plaintiffs for their own use.  *See* [*Doc. 102* at 106-107].   The Court, therefore, will grant Plaintiff's motion as to these requests.   If Defendant has already produced the responsive information, it needs to identify which documents it has already produced that are responsive to each request for production.   If Defendant has withheld any relevant documents on the basis of privilege, it shall provide a privilege log as required by Rule 26(b)(5).

### *5. RFP No. 43*

This request asks for all correspondence between Defendant and its agents and employees regarding the factual allegations, claims and defenses in this litigation. [*Doc. 138* at 15]. Plaintiffs state that it appears that Defendant is still withholding responsive documents and that the documents that have been produced in response to this request are heavily redacted, but Defendant has not produce a privilege log. [*Doc. 195* at 8-9]. Defendant responds that it has already produced responsive documents and that it is continuing to supplement its responses. [*Doc. 164* at 11]. The Court finds that this request should be granted to the extent that Defendant has not produced all of the documents that are responsive to this request and Defendant shall produce a privilege log of any responsive documents that are withheld on the basis of privilege, as require by Rule 26(b)(5). If Defendant has already produced the responsive information, it needs to identify which documents it has already produced that are responsive to each request for production.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Plaintiffs' Motion to Compel Answers and Responses to Plaintiffs' First Set of Interrogatories and Requests for Production to Defendant ENMRSH, Inc. (Doc. 138)*, is **GRANTED in part** and **DENIED in part**, and Defendant ENMRSH shall provide supplemental responses to Plaintiffs' discovery requests as set forth above **no later than thirty (30) days after the entry of this Order.**

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**