**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JL, through her next friend,**
**Bruce Thompson, Esq., et al.,**

      **Plaintiffs,**

v.        No. 12cv1145 MV/LAM

**NEW MEXICO DEPARTMENT**
**OF HEALTH, et al.,**

      **Defendants.**

**ORDER GRANTING IN PART ENMRSH DEFENDANTS'**
**MOTION TO COMPEL [*Doc. 140*]**

    **THIS MATTER** is before the Court on *ENMRSH Defendants' Motion to Compel Discovery Responses from Plaintiffs KC, EH, RH and JL and Memorandum of Law in Support (Doc. 140)*, filed September 24, 2013.  Plaintiffs filed a response to the motion on November 1, 2013 [*Doc. 165*], and ENMRSH Defendants (hereinafter, Defendants) filed a reply on November 18, 2013 [*Doc. 176*].  This case involves allegations of failure to provide appropriate services to Plaintiffs, who are persons with developmental disabilities.  In their motion to compel, Defendants contend that Plaintiffs failed to provide complete answers to Defendants' discovery requests.  Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion to compel shall be **GRANTED in part** and **DENIED in part.**

1

### A. Interrogatories

#### *1. Preliminary Objections*

Defendants ask the Court to overrule three of Plaintiffs' preliminary objections to Defendants' interrogatories. First, Defendants contend that Plaintiffs' objection that Defendants' contention interrogatories are inappropriate should be overruled because this case is no longer in the early stages and because Defendants' interrogatories are asking for facts to support specific allegations made by Plaintiffs. *See* [*Doc. 140* at 3-5] and [*Doc. 140-2* at 1-3].[1] While interrogatories should not require a responding party to provide a narrative account of its case, contention interrogatories may ask for the material or principal facts which support a party's contention or defense, and contention interrogatories that do not encompass every allegation, or a significant number of allegations, made by a party are proper. *See Hiskett v. Wal-Mart Stores, Inc.,* 180 F.R.D. 403, 404-05 (D. Kan. 1998). Here, the interrogatories before the Court do not ask Plaintiffs to provide a narrative account of their case, nor do they encompass a significant number of allegations. *See, e.g.,* [*Doc. 140-2* at 9] (Interrogatory No. 2, asking for material facts, witnesses and documents supporting Plaintiff KC's contentions in Paragraphs 285 and 286 of the Complaint [*Doc. 1-2* at 29],[2] which allege that Defendants have not met their obligations to provide an independent living program to Plaintiff KC, and that the Department of Health

---

[1] Each Plaintiff made the same preliminary objections at the outset of each of their responses to Defendants' interrogatories. *See* [*Doc. 140-2* at 1-8], [*Doc. 140-3* at 1-8], [*Doc. 140-4* at 1-8], and [*Doc. 140-5* at 1-8]. The Court will cite to the preliminary objections in Plaintiff KC's responses [*Doc. 140-2*], since those responses are the first ones attached to Defendants' motion. However, the Court's rulings apply equally to the other Plaintiffs' answers to Defendants' discovery requests.

[2] Since the discovery requests at issue were served before Plaintiffs filed their Amended Complaint [*Doc. 102*] on June 11, 2013, (*see Doc. 140* at 2 stating that the discovery requests were served in March 2013), the discovery requests refer to the paragraphs in Plaintiff's original Complaint [*Doc. 1*].

Defendants and Secretary Torres have not effectively addressed ENMRSH Defendants' violations of Plaintiff KC's rights); and [*Doc. 140-2* at 11] (Interrogatory No. 7, asking for material facts, witnesses and documents supporting Plaintiff KC's contentions in paragraph 295 of the Complaint [*Doc. 1-2* at 30] which alleges that Defendants failed to provide Plaintiff KC with proper health care coordination or to have KC's medical needs evaluated). Plaintiffs fail to specify which of Defendants' interrogatories they contend are improper contention interrogatories. Instead, Plaintiffs contend that information already provided to Defendants in Plaintiffs' initial disclosures provide answers to the information requested in Defendants' interrogatories. *See* [*Doc. 165* at 6]. If this is the case, Plaintiffs can specifically direct Defendants to those documents in answer to Defendants' discovery requests. The Court, therefore, finds that Plaintiffs objection that Defendants' interrogatories are improper contention interrogatories should be overruled.

Second, Defendants contend that Plaintiffs' objection that many of Defendants' discovery requests are premature should be overruled because this case is no longer in the early stages and "the discovery period in this case is more than halfway over." *See* [*Doc. 140* at 5-6] and [*Doc. 140-2* at 3-6]. Plaintiffs respond that Plaintiffs' discovery is far behind schedule and that Defendants have not provided much of the discovery Plaintiffs have requested. [*Doc. 165* at 7]. The Court finds that Plaintiffs' objection that it cannot respond to some of Defendants' interrogatories because they are "premature" is without merit. If Plaintiffs cannot fully answer Defendants' discovery requests at the time their answers are due, they must provide the information they have and then must supplement their responses if they learn of additional information, as required by Fed. R. Civ. P. 26(e). Plaintiffs may not object to providing discovery

3

responses because they do not yet have <u>all</u> of the information they believe will be responsive. The Court, therefore, finds that this objection should be overruled.

Third, Defendants contend that Plaintiffs' objection that Defendants' discovery requests ask for privileged work-product should be overruled because Defendants are seeking facts, not the impressions of Plaintiffs' counsel. [*Doc. 140* at 6-7] and [*Doc. 140-2* at 6-8]. Defendants state that Plaintiffs should provide a privilege log for any documents withheld on the basis of work-product, and Defendants specifically ask for the names of witnesses and persons with knowledge of the facts supporting Plaintiffs' claims. [*Doc. 140* at 7]. The Court finds that, to the extent Plaintiffs are withholding responsive information on the basis of privilege, Plaintiffs must provide a privilege log as set forth in Fed. R. Civ. P. 26(b)(5). Plaintiffs' blanket objection regarding privilege does not provide the required description of the documents, communications or tangible things not disclosed or produced that would enable Defendants to assess the claim, as required by Rule 26(b)(5). The Court, therefore, overrules this objection as well.

### *2. Specific Interrogatories*

Defendants contend that Plaintiffs failed to properly respond to the following interrogatories because their responses refer to a large group of documents without identifying specific documents responsive to the respective requests:

> KC Interrogatory Nos. 2, 7, 9, 11, 13 (*Doc. 140-2* at 9-18);
>
> EH Interrogatory Nos. 2, 4, 5, 8, 12 (*Doc. 140-3* at 9-10, 12-15, 17-18, 21);
>
> RH Interrogatory Nos. 3-6, 8-13 (*Doc. 140-4* at 9-28); and
>
> JL Interrogatory Nos. 2-7, 9-12 (*Doc. 140-5* at 9-24).

*See Doc. 140* at 7-9.  Defendants state that Plaintiffs repeatedly refer to the report and affidavit of Plaintiffs' expert, Nancy Russo, which was attached to Plaintiffs' Motion for Preliminary Injunction [*Doc. 64*], but Defendants contend that Plaintiffs should identify and produce the source documents upon which Ms. Russo relied to arrive at her opinions.  *Id.* at 9 (Ms. Russo's report is at *Doc. 65-2*).  Plaintiffs respond that most of the documents that are responsive to these interrogatories are already in Defendants' possession and that these documents are only in Plaintiffs' counsel's possession because Defendants' counsel initially provided them to Plaintiffs' counsel.  [*Doc. 165* at 8].  Plaintiffs further contend that Defendants' counsel already have the documents relied on by Ms. Russo.  *Id.* at 9.  In reply, Defendants state that, even if they already have all of the documents responsive to their interrogatories, Plaintiffs have failed to identify which specific documents are responsive to Plaintiffs' allegations, and that Plaintiffs fail to provide examples of specific conduct supporting their broad allegations.  [*Doc. 176* at 2-3].  Defendants further assert that "Plaintiffs cannot satisfy their obligation to respond to specific discovery requests by referring to large swaths of thousands of documents that span the course of many years."  *Id.* at 3.

　　　　The Court finds that Plaintiffs' responses to these interrogatories are sufficient.  For example, Plaintiffs responded to Defendants' interrogatory asking for facts, witnesses and documents supporting Plaintiff KC's allegations that Defendants have not met their obligations to Plaintiff KC by referring to Plaintiffs' Motion for Preliminary Injunction and the attachments thereto [*Doc. 64* at 8-9] and [*Docs. 65, 66* and *67*], Plaintiffs' reply to the motion [*Doc. 80* at 9-10], and to over one thousand pages of additional documents.  [*Doc. 140-2* at 9].  In addition,

Plaintiff KC provided a supplemental answer to the interrogatory stating that Defendants failed to assist Plaintiff KC locate and contact her family members, despite her request, and cited to Plaintiff KC's deposition.  *Id.* at 10.  The Court finds that Plaintiffs' reference to these documents in response to this interrogatory are sufficient because the Motion for Preliminary Injunction sets forth specific allegations as to each Plaintiff (*see, e.g., Doc. 64* at 8-9, setting forth specific allegations as to Plaintiff KC), and the additional documents referred to in Plaintiff KC's answer to this interrogatory are limited to documents that pertain to KC.  The other interrogatories to which Defendants objected on these same grounds were similarly responded to by the other Plaintiffs.  The Court, therefore, finds that Plaintiffs responded to these interrogatories "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," as required by Fed. R. Civ. P. 33(d)(1).  The Court, therefore, finds that Defendants' motion to compel should be denied with regard to the interrogatories listed above.

Next Defendants contend that Plaintiff KC's objection that Interrogatory No. 14 asks for a legal conclusion and work product should be overruled because the interrogatory only asks for facts.  *See* [*Doc. 140* at 9] and [*Doc. 140-2* at 18].  Plaintiffs did not respond to this argument.  Nevertheless, the Court agrees that this interrogatory only appears to ask for facts, not legal conclusions or work product.  To the extent Plaintiffs have responsive information that is privileged, as explained above Plaintiffs must set forth that information in a privilege log.  The Court will grant Defendants' motion to compel with regard to this interrogatory.

Defendants contend that Plaintiff EH's response to Interrogatory No. 3 is insufficient because Plaintiff EH failed to provide dates for the incidents identified in the response.  *See*

6

[*Doc. 140* at 9-10] and [*Doc. 140-3* at 11].   Again, Plaintiffs failed to respond to this contention in their response.   The Court will, therefore, grant Defendants' motion to compel with regard to this interrogatory and Plaintiff EH shall provide the dates for the incidents referred to in response to Interrogatory No. 3.

Defendants contend that Plaintiff EH failed to respond to Interrogatory No. 7, which asks Plaintiff EH to "identify each and every instance in which EH, Feliz Rael or anyone else on EH's behalf requested that ENMRSH Defendants provide necessary services to EH as alleged in the Complaint," and "how each such demand was denied or refused by any of the ENMRSH Defendants."   *See* [*Doc. 140* at 10] and [*Doc. 140-3* at 16].   Plaintiff EH objected to this interrogatory on the grounds that it seeks information that is not in Plaintiff's possession, custody or control, it is unduly burdensome because it asks for "each and every instance," and it seeks information that is not admissible at trial and is not reasonably calculated to lead to the discovery of admissible evidence.   [*Doc. 140-3* at 16].   Despite these objections, Plaintiff EH failed to provide any actual response to the interrogatory, and failed to respond to Defendants' contention in their response to Defendants' motion to compel.   The Court will, therefore, grant Defendants' motion to compel with regard to this request.   The Court cautions Plaintiffs that the use of boilerplate, blanket objections are improper.   *See Oleson v. K-mart Corp.*, 175 F.R.D. 570, 571 (D. Kan. 1997) ("The objecting party has the burden to substantiate its objections. . . . [and] must specifically show how each discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden") (citations omitted) .   A proper objection is one that is tailored to the individual discovery request, not a conclusory

7

objection such as "vague," "ambiguous," "overly broad" or "unduly burdensome" which neglects to say why the discovery request is subject to that objection.

Defendants also contend that Plaintiffs' response to Interrogatory No. 10 is insufficient because Plaintiffs refer to documents produced in the *Foley* case but the ENMRSH Ds were not involved in that case. [*Doc. 140* at 10] and [*Doc. 140-3* at 19-20]. In response, Plaintiffs state that counsel for Plaintiffs and Defendants met and conferred in March regarding the *Foley* documents and Plaintiffs requested that Defendants specify which *Foley* documents they wanted, and suggested that it would be most efficient to ask counsel for the Department of Health Defendants for the documents, but Defendants have not done so. [*Doc. 165* at 9]. In their reply, Defendants state that they have asked Plaintiffs' counsel to produce only those *Foley* documents relating to the Plaintiffs named in this lawsuit. [*Doc. 176* at 5]. Since Defendants have now specified which *Foley* documents they are requesting, the Court finds that Defendants' motion to compel shall be granted as to this request and Plaintiffs shall produce to Defendants the *Foley* documents relating to the Plaintiffs named in this lawsuit.

### B.   Requests for Production

Defendants contend that Plaintiffs' responses to Request for Production Nos. 2, 3, 4 and 5, which are identical as to each Plaintiff (*see Doc. 140-2* at 21-23, *Doc. 140-3* at 25-27, *Doc. 140-4* at 40-42 and *Doc. 140-5* at 26-28), are inadequate. *See Doc. 140* at 10-12. The requests ask for: all of the documents upon which Plaintiffs relied to answer each interrogatory (RFP No. 2); all documents created by or relied on by Ms. Russo for her report (RFP No. 3); all documents supporting Plaintiffs' allegations set forth in a March 2013 letter from Plaintiffs' counsel (RFP

8

No. 4); and any documents that reflect any complaints submitted under NMAC 7.26.4.1 *et seq.* (RFP No. 5). *See Doc. 140-2* at 21-24. Plaintiffs responded to RFP No. 2 by stating that they have already produced all of the documents upon which they relied to answer each interrogatory and that anything beyond that would be unduly burdensome and calls for privileged documents. *Id.* at 21. In response to RFP Nos. 3 and 4, Plaintiffs stated that the documents sought by Plaintiffs are protected by the attorney work-product doctrine and under Fed. R. Civ. P. 26(b)(4), which protects trial preparation communications and materials by experts. *Doc. 140-2* at 21-22. In response to Interrogatory No. 5, Plaintiffs KC, RH, and JL stated that the information regarding the complaint process is not in the homes of these Plaintiffs and that these Plaintiffs are not aware of the complaint process, and Plaintiffs KC and JL further stated that their respective ENMRSH service coordinators keep copies of the ENMRSH handbook and complaint process. *See* [*Doc. 140-2* at 23], [*Doc. 140-4* at 42] and [*Doc. 140-5* at 28]. Plaintiff EH responded by producing documents regarding the request. *See* [*Doc. 140-3* at 27].

Defendants contend that Plaintiffs responses to these requests for production are inadequate because Defendants are entitled to the documents relied on by Ms. Russo and Plaintiffs should provide a privilege log for any documents they are withholding on the basis of privilege, and that Plaintiffs' answers to RFP No. 5 fail to state whether or not there are any documents that are responsive to the request. [*Doc. 140* at 10-12]. The Court agrees, and finds that Plaintiffs shall produce a privilege log for any responsive documents that it is withholding on the basis of privilege, as required by Rule 26(b)(5). With regard to RFP No. 3, Plaintiffs note in their response to the motion to compel which documents Ms. Russo relied on for her report and

affidavit.  *See* [*Doc. 165* at 10].   To the extent Plaintiffs are withholding any other documents on the basis that they are trial preparation documents to be used by an expert, Plaintiffs shall describe the nature of the documents not produced or disclosed in a manner that enables Defendants to assess the claim, as required by Rule 26(b)(4).   With regard to RFP No. 5, Plaintiffs KC, RH, and JL shall provide supplemental responses that either provide any documents relating to any complaints made under that code provision, or state that no such documents exist.

### C.   Request for Admission

Finally, Defendants ask the Court to compel Plaintiffs to respond to Request for Admission No. 1, which asks each Plaintiff to admit that they have the right to refuse services from ENMRSH.  [*Doc. 140* at 12].   Plaintiffs objected to this RFA on the grounds that the request calls for a legal conclusion which the Plaintiffs are not qualified to formulate and are not capable of formulating.   *See* [*Doc. 140-2* at 25]; [*Doc. 140-3* at 29]; [*Doc. 140-4* at 44]; and [*Doc. 140-5* at 30].   Defendants contend that applying the law to the facts is precisely what Rule 36(a)(1)(A) asks parties to do.   [*Doc. 140* at 12].   In response, Plaintiffs state that their objection alone is sufficient response.   [*Doc. 165* at 10].     The Court finds that Plaintiffs' responses to this RFA are inadequate.   As Defendants note, Rule 36(a)(1)(A) states that a party may serve requests for admission relating to "facts, the application of law to fact, or opinions about either" (emphasis added).   Plaintiffs' objection that the RFAs ask for a legal conclusion are, therefore, without merit.   In addition, if Plaintiffs are unable to answer the RFA, they are required to "state in detail why the answering party cannot truthfully admit or deny it," and, if Plaintiffs are asserting lack of knowledge or information as a reason for failing to admit or deny, they must state that they have

10

"made reasonable inquiry and that the information [they] know[] or can readily obtain is insufficient to enable [them] to admit or deny."  Fed. R. Civ. P. 36(a)(4).  The Court, therefore, will grant Defendants' motion as to this request.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *ENMRSH Defendants' Motion to Compel Discovery Responses from Plaintiffs KC, EH, RH and JL and Memorandum of Law in Support (Doc. 140)*, is **GRANTED in part** and **DENIED in part**, and Plaintiffs shall provide supplemental responses to Defendants' discovery requests as set forth above **no later than thirty (30) days after the entry of this Order.**

**IT IS SO ORDERED.**

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**