IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JL, through her next friend,
Bruce Thompson, Esq., et al.,

      Plaintiffs,

v.                                                                               No. 12cv1145 MV/LAM

NEW MEXICO DEPARTMENT
OF HEALTH, et al.,

      Defendants.

## ORDER GRANTING IN PART DEFENDANT ENMRSH'S MOTION FOR PROTECTIVE ORDER [*Doc. 158*]

**THIS MATTER** is before the Court on ***Defendant ENMRSH's Motion for Protective Order Regarding Plaintiffs' Third Amended Rule 30(b)(6) Deposition Notice and Memorandum of Law in Support** (Doc. 158)*, filed October 22, 2013. Plaintiffs filed a response to the motion on November 27, 2013 [*Doc. 194*], and Defendant ENMRSH (hereinafter, Defendant) filed a reply and notice of completion of briefing on December 16, 2013 [*Docs. 209 and 210*].[1] This case involves allegations of failure to provide appropriate services to Plaintiffs, who are persons with developmental disabilities. In its motion for protective order, Defendant asks the Court to quash Plaintiffs' Rule 30(b)(6) Notice of Deposition to Defendant. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED in part** and **DENIED in part.**

---

[1] The Court set a hearing on the motion, which took place on October 24, 2013. *See* **Clerk's Minutes** *(Doc. 161)*. At that hearing, the parties notified the Court that the parties did not intend to go forward with the deposition that had been noticed for October 28, 2013, and the Court told the parties that they could fully brief the motion and notify the Court when it was fully briefed and ready for ruling. *Id.* at 2.

1

In its motion for protective order, Defendant asks the Court to quash or modify Plaintiff's Third Rule 30(b)(6) deposition notice, which asks Defendant to produce a person or persons knowing the most about fifteen interrogatories covering a myriad of topics including: healthcare given to each Plaintiff; training, education and experience of specific employees of Defendant; services provided by Defendant; financial and compensation information relating to Defendant's provision of healthcare and services. [*Doc. 158-1*]. Defendant contends that this deposition notice is overly broad because it: asks for a witness to testify about topics encompassing each of the six Plaintiffs or multiple groups of current and former ENMRSH employees; covers several hundred topics for deposition; and asks for information going back 30 or 40 years. [*Doc. 158* at 3-15]. Defendant also contends that the topics set forth in the deposition notice are overly broad because they repeat many of the interrogatories propounded upon and answered by Defendant. *Id.* at 3. Defendant states that it would need to bring dozens of witnesses to testify regarding the information asked for in the notice of deposition, and that it appears that Plaintiffs are attempting to set Defendant up for failure. *Id.*

In response, Plaintiffs state that Defendant's motion is premature because Defendant should have produced one or more witnesses to make a reasonable inquiry and prepare and present the testimony required by Fed. R. Civ. P. 30(b)(6), and then Defendant could object during the deposition to any question on the basis that it is unduly burdensome or otherwise objectionable. [*Doc. 194* at 1-2]. Further, Plaintiffs contend that, even if preparation for a Rule 30(b)(6) deposition requires many hours of work and review of voluminous documents, a corporation is not relieved from its responsibility to adequately prepare. *Id.* at 2. Plaintiffs further note that

2

Defendant is not relieved of its obligation to present a witness to testify under Rule 30(b)(6) because it has already provided written answers to interrogatories.  *Id.* at 5.

Fed. R. Civ. P. 30(b)(6) states that a notice or subpoena for a deposition directed to an organization "must describe with reasonable particularity the matters for examination."  The named organization must then designate one or more persons to testify on its behalf and may set out the matters on which each person designated will testify.  *Id.*  "The persons designated must testify about information known or reasonably available to the organization."  *Id.*  The Court can issue a protective order upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

Upon review of the topics listed in the deposition notice, the Court finds that some of the topics are described with reasonable particularity, as required by Rule 30(b)(6).  Specifically, the Court finds that the following topics are appropriate under Rule 30(b)(6): Interrogatory No. 1 - information regarding each healthcare coordinator assigned to each Plaintiff (*Doc. 158-1* at 50); Interrogatory No. 2 - the experience, training, and education relevant to the delivery of services possessed by the CEOs, managers, service coordinators and healthcare coordinators employed by Defendant who have served each Plaintiff (*id.* at 51); Interrogatory No. 10 - the homes owned or controlled by any person or entity affiliated with any ENMRSH Defendant which have served as residences for any Plaintiff (*id.* at 52); Interrogatory No. 12(A) - the functions performed by each representative payee for each Plaintiff (*id.* at 52-53); Interrogatory No. 13 - the "reasonable discretionary spending money" provided to each Plaintiff by Defendant (*id.* at 53); Interrogatory No. 15 - responses by agents of Defendants to a list of specific events concerning

Plaintiffs (*id.* at 53-54); Interrogatory No. 18 - information regarding the implementation of certain services to Plaintiffs by certain employees of Defendant (*id.* at 54); and Interrogatory No. 21 - information regarding the transfer of each Plaintiff from a state training school to Clovis (*id.*). Interrogatory Nos. 19 and 20, which ask for medical information relating to each Plaintiff, do not appear to be topics that an officer, director, or managing agent of a corporate entity would have knowledge about. However, since they are limited in scope to the named Plaintiffs, the Court finds that they are described with reasonable particularity in compliance with Rule 30(b)(6). Moreover, as explained in Rule 30(b)(6), the persons designated to testify "must testify about information <u>known or reasonably available</u> to the organization," (emphasis added), so the deponents need only testify as to information that is within this scope of discovery.

    As to the remaining topics in the Rule 30(b)(6) notice (namely, Interrogatory Nos. 3, 4, 7, 8 and 11), the Court finds that they are overly broad because they are not limited to the named Plaintiffs in this lawsuit. The exception to this finding is Interrogatory No. 8, where Plaintiffs ask for a deponent to testify as to the annual Medicaid billing for each Plaintiff and the annual units provided for each Plaintiff. [*Doc. 158-1* at 52]. The Court finds that this portion of Interrogatory No. 8 is described with reasonable particularity because it relates directly to Plaintiffs. The remaining topics listed in the deposition notice, however, are not related to the named Plaintiffs and the Court finds that Defendant's motion should be granted as to these topics. *See, e.g.,* [*Doc. 158-1* at 51] (Interrogatory No. 3, asking for information regarding the experience, training, and education of the CEOs, managers, service coordinators, and healthcare coordinators employed by Defendant relevant to the delivery of services to mentally disabled persons with intellectual or

4

developmental disabilities at the time ENMRSH, Inc. began accepting clients with special needs in New Mexico).   The Court finds that the topics listed above that pertain to the named Plaintiffs in the lawsuit are appropriate topics under Rule 30(b)(6) and Defendant's motion should be denied as to those topics.   With regard to Defendant's contention that Plaintiffs only have one-half day left to depose ENMRSH and it would be impossible to address the topics contained in the deposition notice (*see Doc. 209* at 3-4), the Court cautions Plaintiffs that they are limited to a maximum of two (2) days of seven and one-half hours per day for each deposition, unless the parties agree to an extension.   *See* [*Doc. 54* at 2].

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Defendant ENMRSH's Motion for Protective Order Regarding Plaintiffs' Third Amended Rule 30(b)(6) Deposition Notice and Memorandum of Law in Support (Doc. 158)*, is **GRANTED in part** and **DENIED in part**, and Defendant's shall produce for a deposition a witness or witnesses who can respond to the topics in Plaintiff's Rule 30(b)(6) discovery notice that the Court has found are not outside the scope of Rule 30(b)(6) **no later than thirty (30) days after the entry of this Order.**

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**