**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JL, through her next friend,
Bruce Thompson, Esq., et al.,

      Plaintiffs,

v.                                                                                  No. 12cv1145 MV/LAM

NEW MEXICO DEPARTMENT
OF HEALTH, et al.,

      Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ENMRSH'S
SECOND MOTION FOR PROTECTIVE ORDER [*Doc. 188*]**

**THIS MATTER** is before the Court on *Defendant ENMRSH's Second Motion for Protective Order Regarding Plaintiffs' Most Recent Rule 30(b)(6) Deposition Notices and Memorandum of Law in Support (Doc. 188)*, filed November 21, 2013.  On December 5, 2013, Plaintiffs filed an unopposed motion for an extension of time until December 19, 2013 to file a response to the motion [*Doc. 203*], which the Court granted [*Doc. 204*].  Plaintiffs have not filed a response to the motion, however, and the time for doing so has passed.  While the failure to file a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion (*see* D.N.M. LR-Civ. 7.1(b)), the Court must decide the motion on the merits (*see Denver & Rio Grande Western R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 848-49 (10th Cir. 1997) (explaining that case law interpreting procedural rules "is founded upon a policy which favors deciding cases on the merits as opposed to dismissing them because of minor technical defects") (citation omitted).  Having considered the motion, record of this case, and

1

relevant law, the Court **FINDS** that the motion shall be **GRANTED in part** and **DENIED in part.**

In its motion for protective order, Defendant ENMRSH asks the Court to quash two of Plaintiff's Rule 30(b)(6) deposition notices, which were set to take place on December 18 and 19, 2013, and for which Defendant ENMRSH filed a Notice of Non-Appearance.  *See* [*Doc. 188* at 1] and [*Doc. 189*].  Defendant ENMRSH contends that the two notices should be quashed because they add eight new broad topics to the already numerous topics listed in Plaintiff's Third Amended Rule 30(b)(6) Notice.  *See* [*Doc. 188* at 2-3]; *see also* [*Doc. 158*] (Defendant ENMRSH's first motion for a protective order regarding Plaintiff's Third Amended Rule 30(b)(6) Notice) and [*Doc. 224*] (order granting in part and denying in part Defendant ENMRSH's first motion for protective order).  Defendant ENMRSH makes the same contentions in this motion for a protective order that it made in its first motion for protective order, namely that the deposition notices are overly broad because they are not limited to information relating to the Plaintiffs, that it appears that Plaintiffs are attempting to set Defendant up for failure to adequately comply with the deposition notices, and that Plaintiffs only have one-half day left to depose ENMRSH and it would be impossible to address the topics contained in the deposition notices in that amount of time.  [*Doc. 188* at 3-6].

Fed. R. Civ. P. 30(b)(6) states that a notice or subpoena for a deposition directed to an organization "must describe with reasonable particularity the matters for examination."  The named organization must then designate one or more persons to testify on its behalf and may set out the matters on which each person designated will testify.  *Id.*  "The persons designated must

testify about information known or reasonably available to the organization."  *Id.*   The Court can issue a protective order upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

The first deposition notice which Defendant ENMRSH disputes in this motion asks for a designated representative to testify about ENMRSH's employment services from January 1, 1998 to the present date regarding: (1) tabulation of the prevailing wage rate; (2) time studies regarding whether disabled workers should earn less than the prevailing wage rate, and time studies for each Plaintiff; (3) compliance with federal and state law regarding payment of wages to disabled workers; (4) administration of contracts to provide cleaning or maintenance services; (5) administration and supervision of ENMRSH's support employment program; (6) supervision of each Plaintiff's support employment; (7) profit and loss for ENMRSH's contracts with the State or federal government to provide labor by disabled workers at less than the prevailing wage. [*Doc. 188-1* at 1-2].  The second deposition notice at issue asks for a designated representative to testify regarding "ENMRSH nursing services and oversight of health care coordination by ENMRSH, medication delivery by ENMRSH, sanitary condition of residences of ENMRSH consumers, and personal hygiene of ENMRSH consumers, both generally and in regard to services delivered to Plaintiffs during the time they have been consumers or clients of ENMRSH." [*Doc. 188-2* at 3].

Upon review of the topics listed in the deposition notices, the Court finds that some of the topics are described with reasonable particularity, as required by Rule 30(b)(6), and others are not. Specifically, the Court finds that the topics that are limited in scope and specifically pertain to the

named Plaintiffs are described with reasonable particularity in compliance with Rule 30(b)(6). These topics are, in the first disputed deposition notice, part of Topic 2 - time studies for each Plaintiff, and Topic 6 - supervision of each Plaintiff's support employment, and for the second disputed deposition notice, the requested information limited to services delivered to Plaintiffs during the time they have been consumers or clients of ENMRSH.  The Court, therefore, finds that Defendants' motion should be denied as to these topics.  The Court finds that the remaining topics in the deposition notices are overly broad because they are not limited to the named Plaintiffs in this lawsuit.  Those topics are: 1, 2 (with regard to time studies for persons other than Plaintiffs), 3, 4, 5, and 7 for the first deposition notice, and the second deposition notice with regard to persons other than Plaintiffs.  The Court finds that Defendant's motion should be granted as to those topics.

With regard to Defendant's contention that Plaintiffs only have one-half day left to depose ENMRSH and it would be impossible to address the topics contained in the deposition notices, the Court reminds Plaintiffs that "no deposition will exceed two (2) days of a maximum of seven and one-half (7 1/2) hours per day," and that "[d]epositions of parties and retained experts are limited to a maximum of seven and one-half (7 1/2) hours unless extended by agreement of the parties." *See* [*Doc. 54* at 2].  In addition, as explained in Rule 30(b)(6), the persons designated to testify "must testify about information known or reasonably available to the organization," (emphasis added), so the deponents need only testify as to information that is within this scope of discovery.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, ***Defendant ENMRSH's Second Motion for Protective Order Regarding Plaintiffs' Most Recent Rule***

*30(b)(6) Deposition Notices and Memorandum of Law in Support (Doc. 188)*, is **GRANTED in part** and **DENIED in part**, and Defendant's shall produce for a deposition a witness or witnesses who can respond to the topics in Plaintiff's Rule 30(b)(6) deposition notices that the Court has found are not outside the scope of Rule 30(b)(6) **no later than thirty (30) days after the entry of this Order.**

    **IT IS SO ORDERED.**

*[signature: Lourdes A. Martínez]*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**