# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JL, through her next friend, Bruce Thompson, Esq.,**
**et al.**

      **Plaintiffs,**

**vs.**                                                          **No. 2:12-cv-1145 MV/LAM**

**NEW MEXICO DEPARTMENT OF HEALTH, et al.,**

      **Defendants.**

## DOH DEFENDANTS' MOTION AND SUPPORTING MEMORANDUM FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT [DOC. 211] BASED ON NEED FOR DISCOVERY AS SHOWN BY FED.R.CIV.P.56(d)

COME NOW DOH Defendants, New Mexico Department of Health, Los Lunas Center for Persons with Developmental Disabilities, Retta Ward, Beth Schaefer, Dan Sandoval, Roger Adams, and Joseph Mateju, by and through counsel, Jerry A. Walz, Walz and Associates, P.C., hereby move the Court to grant DOH Defendants' Motion for Extension of Time to Respond to Plaintiffs' Motion for Partial Summary Judgment [Doc. 211] Based On Need for Discovery As Shown by Fed.R.Civ.P.56(d).  Plaintiffs oppose this motion.  The following positions are taken by the other parties to the litigation: Counsel for Defendant Spencer Foundation has no objection to this motion; Counsel for Defendant Plains Regional Medical Center has no objection to this motion; Counsel for Defendant ENMRSH takes no position to this motion.

As grounds for this motion, DOH Defendants state the following:

1.      Plaintiffs filed their motion for partial summary judgment on December 16, 2013. [Doc. 211]

2.      DOH Defendants had filed three motions based on qualified immunity on December 16, 2013, identified as follows:

a.      Individual DOH Defendants' Motion to Dismiss Plaintiffs' Fourth Amendment Claim on the Basis of Qualified Immunity and Supporting Memorandum [Doc. 212];

b.      Individual DOH Defendants' Motion to Dismiss Plaintiffs' First Amendment Claim on the Basis of Qualified Immunity and Supporting Memorandum [Doc. 213];

c.      Individual DOH Defendants' Motion to Dismiss Plaintiffs' Substantive Due Process Claim on the Basis of Qualified Immunity and Supporting Memorandum [Doc. 214].

3.      Even though there is a dispute between DOH Defendants and Plaintiffs as to whether the filing of the qualified immunity motions also stayed all litigation with the exception of fully briefed motions, all parties agreed that the filing of the qualified immunity motions stayed discovery.

4.      Regarding the issue of the parameters of the stay, the following pleadings have been filed:

a.      State Defendants' Opposed Motion Seeking Litigation Stay Until Such Time as the Court Determines State Defendants' Motions for Qualified Immunity, [Doc. 221, filed 01/06/14];

b.      Plaintiffs' Response to DOH Defendants' Motion for Litigation Stay, Etc. [Doc. 237, filed 02/05/14];

c.      DOH Defendants will file a reply brief on or before March 24, 2014.

2

5.      DOH Defendants continue to maintain the position that the filing of the qualified immunity motion stays all aspects of the litigation with the exception of fully briefed motions. However, because that issue has yet to be decided, DOH Defendants without waiving their position, find it necessary to file non-qualified immunity pleadings to protect the record should the Court determine the stay is for discovery only.

6.      However, as a result of concurrence that discovery is stayed upon filing of the qualified immunity motions, DOH Defendants filed an Unopposed Motion in that regard [Doc. 231], and an order staying discovery was entered on 02/04/14.  [Doc. 234]  Therefore, discovery could not be taken on these issues based on the stay of discovery.

7.      In addition to filing the qualified immunity motions as previously described, DOH Defendants also filed the following motions:

a.      DOH Defendants' Motion to Dismiss Plaintiffs' Claims Under the Medicaid Act and Supporting Memorandum [Doc. 215, filed 12/19/13];

b.      DOH Defendants' Motion to Dismiss Plaintiffs' Rehabilitation Act and Americans with Disabilities Act Claims and Supporting Memorandum [Doc. 216, filed 12/19/13];

c.      DOH Defendants' Motion to Dismiss Plaintiffs' Claims Under the Tort Claims Act and Supporting Memorandum [Doc. 217, filed 12/19/13].

8.      Because DOH Defendants and Plaintiffs could not agree to an order further defining the stay of litigation, if any, based on the filing of the qualified immunity motions, Plaintiffs have chosen to respond to the above described motions even though it was DOH Defendants' position that no responses were necessary as follows:

a.      Plaintiffs' Response to DOH Defendants' Motion to Dismiss Plaintiffs' Claims Under the Medicaid Act [Doc. 235, filed 02/04/14];

b.      Plaintiffs' Response to DOH Defendants' Motion to Dismiss Plaintiffs' Rehabilitation Act and Americans with Disabilities Act Claims [Doc. 236, filed 02/04/14];

c.      Plaintiffs' Response to DOH Defendants' Motion to Dismiss Plaintiffs' Claims Under the Tort Claims Act [Doc. 238, filed 02/06/14].

9.      Plaintiffs have also filed their responses to DOH Defendants' Qualified Immunity Motions identified as follows:

a.      Plaintiffs' Response to Motion to Dismiss Plaintiffs' Fourth Amendment Claims on the Basis of Qualified Immunity as to Defendants Sandoval, Adams, Mateju and Schaefer [Doc. 245, filed 03/12/14];

b.      Plaintiffs' Response to Motion to Dismiss Plaintiffs' Substantive Due Process Claims on the Basis of Qualified Immunity as to Defendants Sandoval, Adams, Mateju, and Schaefer [Doc. 246, filed 03/13/14];

c.      Plaintiffs' Response to Individual Department of Health Dependants' [sic] Motion to Dismiss Plaintiffs' First Amendment Claim on the Basis of Qualified Immunity [Doc. 247, filed 03/13/14].

10.      Throughout this process, DOH Defendants have concurred with all requests for extensions of time to file responses made by Plaintiffs.

11.      Because the Court has not yet decided the scope of the stay, DOH Defendants have participated in the ongoing non-qualified immunity motion practice so as not to find

themselves in a position where they did not timely respond to pleadings should the Court not apply the stay to litigation practices.

12.     As a result, DOH Defendants need to respond to Plaintiffs' Motion For Partial Summary Judgment Against Individual DOH Defendants and DOH Defendants, on Count I (14th Amendment Procedural Due Process Clause) and on Counts XVI and XVII [Doc. 211].

13.     However, in lieu of a response to the merits, DOH Defendants file this motion, as they cannot properly respond to Plaintiffs' motion at this time for the reasons set forth herein.

14.     Plaintiffs' motion contains 86 alleged undisputed material facts that at times are interlaced with extraneous editorial and at times inflammatory comment, conclusory allegations, and other references more appropriate for argument.  As but a few examples, Plaintiffs use the word "dumped" and "dump" in describing a plan to allegedly take clients off the rolls at Los Lunas Hospital and Training School ("LLHTS").  *See generally,* subheading C at p. 10, and Undisputed Material Fact 26.  Defense counsel is unaware of seeing any document at any time in any proceeding where LLHTS, or any of the named defendants used such a term.  Other such descriptive words are used throughout Plaintiffs' Undisputed Material Facts.  Multiple references are made where the Court is asked to make a "reasonable inference" in the undisputed material fact section.  For example see Undisputed Material Facts 26, 48, 74, 75, 79, 80, 81, and 86.

15.     Regardless of this approach to interweave such inflammatory comments and argument in the Undisputed Material Fact Section, Plaintiffs do set forth at times in proper format references to testimony and documents, mostly from other cases.

16.     These cases include *La Familia v. DOH, et al.,* First Judicial District Court Case No. D-101-CV-2003-01738, and *Foley v. DOH, et al.*, No. 07-cv-604 RB/ACT.  *La Familia* was filed in 2003, and *Foley* was filed in 2007.

17.     By agreement, documents and records that are relevant to these proceedings may be used in this litigation.

18.     However, based on the heavy reliance on discovery produced in those cases to the specific allegations here, there is additional discovery that must be conducted in this litigation that is central to Plaintiffs' motion.

19.     For example, the named Plaintiffs in *La Familia* and *Foley* did not involve the transfer and/or placement of LLHTS consumers to any facility in Clovis.  This is new ground.

20.     In *La Familia* and *Foley* there was developed significant institutional and third party knowledge of the named plaintiffs with history developed of why and how the placement occurred.   Here, no such institutional knowledge and/or third party knowledge has been developed at this time.

21.     A central issue relating to Plaintiffs' motion centers on the facts and circumstances regarding the placements in Clovis, and to determine whether the placements were in accord with the law and policies that existed at that time.

22.     Unfortunately, none of the named Individual DOH Defendants have any personal recollection or knowledge regarding the Clovis transfers of Movant Plaintiffs KC and JL, and likewise have not recalled any personal knowledge of them while they were at LLHTS.

23.     The caseworker, Lillian Herron, who may have had knowledge, whose name appears on Plaintiffs' Exhibits 3 and 6, died several years ago, further complicating the search for information.

24.     It will be necessary through the formal discovery process to take written discovery and depose family members, non-state personnel, ENMRSH personnel and others to determine their recollections of the two named plaintiffs and the events that lead them to Clovis.

25.     ENMRSH records that have been produced in discovery, though extensive, do not answer the concerns and questions posed by Plaintiffs regarding the facts and circumstances related to the Clovis placements.

26.     Both KC and JL are on the DD waiver, and they and/or their guardians can choose whatever provider they want to provide services.  Discovery needs to be conducted as to why no requests were ever made to return to LLHTS or to state custody.

27.     In addition to finding out this important historical knowledge, discovery needs to be undertaken to determine whether it would have made any difference in the level of services being provided to KC and JL even if they legally remained in state custody.

28.     These matters were not addressed at the earlier phase of discovery, as DOH Defendants were unaware that Plaintiffs would file a motion seeking partial summary judgment on this issue at this stage of the litigation.  Given the fact-bound nature of the motion, it was anticipated that this type of motion would be filed at or near the conclusion of discovery.

29.     The need to engage in discovery as to factual representations raised in Plaintiffs' Motion for Partial Summary Judgment are further set out in a Rule 56(d) affidavit of Jerry A. Walz attached as Exhibit A.

30.     Further, DOH Defendants will file a motion to dismiss Plaintiffs' 14th Amendment Procedural Due Process Claim based on qualified immunity.  DOH Defendants will refrain from making arguments here, however, they believe the legal issue of qualified immunity relating to procedural due process should be resolved before a fact intensive decision is reached. The motion to dismiss should not require any discovery.

## <u>ARGUMENT</u>

DOH Defendants would be greatly prejudiced if they are not allowed to develop facts through discovery to rebut and or clarify the 86 Undisputed Material Facts identified in Plaintiffs' Motion. [Doc. 211, pp. 4-26].   Even though Plaintiffs' counsel liberally inserts inappropriate argument, editorial comment and inflammatory language in their undisputed factual section, they nonetheless set forth facts that must be addressed, and they cannot be addressed without proper discovery.

Presently there is a stay of discovery based on the filing of the motions for qualified immunity identified by DOH Defendants above.   There is still briefing that must occur on the qualified immunity motions before the Court can determine those issues, as Plaintiffs only recently filed their responses based on agreed upon extensions.

By filing this motion and bringing to the Court's attention that discovery is needed by DOH Defendants to respond to Plaintiffs' Motion for Partial Summary Judgment, DOH Defendants are not seeking to dissolve the present stay of discovery order that was entered based on the filing of DOH Defendants' motions for qualified immunity.

In fact, it remains the position of DOH Defendants that this briefing should not be taking place until such time as the Court resolves DOH Defendants' motion to determine the parameters of the stay, as it is DOH Defendants' contention that not only discovery should be stayed, but all litigation matters with the exception of fully briefed motions.

However, all parties have agreed that discovery is stayed upon the filing of the qualified immunity motions.   Generally, it is the party opposing a qualified immunity motion who may seek limited discovery to respond to the factual and legal arguments set forth in the qualified immunity motion.

Here, Plaintiffs are not proceeding against DOH Defendants pursuant to any qualified immunity motion, as qualified immunity is a defense that can be asserted by individuals to Constitutional claims for damages.  *See generally, Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) and *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

Therefore, this situation is unusual.

It should be remembered that Plaintiffs decided to file their Motion for Partial Summary Judgment on the same day that DOH Defendants filed their qualified immunity motions.  Based on the experience of Plaintiffs' counsel, they knew that there would at a minimum be a stay of discovery put in place following the filing by DOH Defendants of their qualified immunity motions.

Plaintiffs' counsel are very knowledgeable, and all parties had discussed and agreed that DOH Defendants would file their qualified immunity motions on or before December 18, 2013. It was Plaintiffs' counsel who had control over when to file their motion, and they chose a time when discovery would be stayed.

Now, this procedural quagmire has been created either by chance or design which has left DOH Defendants in a precarious position where they must file responsive pleadings even though litigation matters of this type should be stayed.

Even though the parties agreed to utilize relevant documents from the *La Familia* and *Foley* cases, there are many unique aspects here that discovery and documents from these other cases do not satisfy.  For example, the transfer of Plaintiffs KC and JL to Clovis is unique, and there is much information to be located, from non-state sources, regarding their transfers.

Plaintiffs admit that both KC and JL had a "discharge" note made in their files, however, they then question the validity of the discharges.

It would be of substantial benefit to the Court and to the parties to exhaust from all sources the facts and circumstances unique to these transfers.  Written discovery, deposition practice and subpoenas would be of significance to locate information outside the knowledge, custody and control of the state.

DOH Defendants want to be on a fair and level playing field when they respond to Plaintiffs' Motion for Partial Summary Judgment given the assertions being made in Plaintiffs' section of Undisputed Material Facts.

As a result of the discovery stay, DOH Defendants have been unable as a matter of law to conduct needed discovery on Plaintiffs' 86 factual contentions.  Further, it was unexpected by DOH Defendants that Plaintiffs would file this motion at this time.  DOH Defendants contend that the stay of discovery is proper, and it would run afoul of the existing case authority for DOH Defendants to forgo the protections of the discovery stay to seek discovery on a general summary judgment motion.

Also, as noted, DOH Defendants will file a motion to dismiss Plaintiffs' procedural due process claims based on qualified immunity.  Because it will be a motion to dismiss, it will not be fact bound.

This situation presents a classic case where the Court should utilize its authority to enlarge the response time until DOH Defendants have an opportunity to conduct discovery on the factual representations made by Plaintiffs.  DOH Defendants respectfully suggest they be given at least 75-days from the date that discovery resumes to take discovery and respond to the specific factual representations and legal arguments made by Plaintiffs in their Motion for Partial

Summary Judgment.  All parties were engaging in discovery at the time DOH Defendants filed their qualified immunity motions, but as noted above, once filed, the parties agreed to and the Court entered an order staying discovery consistent with case authority.

Here, DOH Defendants would be greatly prejudiced if forced to respond to Plaintiffs' motion before they can take appropriate discovery relating to the specific facts identified in Plaintiffs' Undisputed Material Fact Section.

The two named Plaintiffs have been in Clovis for over 30 years, most of the time with ENMRSH or its predecessor.  There has been no record, document or statement found to date that Plaintiffs, or anyone acting on their behalf, ever challenged the placements, or requested a return to Los Lunas.  Both Plaintiffs are on the DD Waiver and they can now, at any time, change providers.

The Court has the authority in the circumstances described above to enlarge the time for a party to file a response brief and conduct discovery necessary to respond to a motion for summary judgment.  When a party files a Rule 56(d) affidavit for additional discovery time, the party invokes the trial court's discretion.  *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984) (decided under Rule 56(f)).  In considering a Rule 56(d) motion, district courts have broad discretion to deny the motion for summary judgment, usually without prejudice, to order a continuance for additional discovery, or make such order as is just.  *Id.; see also Fed.R.Civ.P. 56(d); Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 732 (10th Cir. 2006) (decided under Rule 56(f)).  A party seeking to defer a ruling on summary judgment under Rule 56(d) must provide an affidavit explaining why facts precluding summary judgment cannot be presented. *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). This includes identifying the probable facts not available, why those facts cannot be

presented, what steps have been taken to obtain these facts, and how additional time will enable the party to obtain those facts and rebut the motion for summary judgment. *Id.; see also Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008); *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007); *Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).

Summary judgment should be refused where the nonmoving party has not had the opportunity to discover information essential to his opposition. *King Airway Co. v. Routt County*, 1997 U.S. App. LEXIS 7622, * 14 (10th Cir. 1997) (*relying on Celotex Corp. v. Catrett,* 477 U.S. 317, 326 n. 6 (1986). Because the purpose of Rule 56(d) is to provide an additional safeguard against a premature grant of summary judgment, the rule should be applied liberally. *Id.; see also Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir. 2000), *cert. denied,* 531 U.S. 979 (2000) (Rule 56(f) motions should be liberally granted). Unless dilatory or lacking in merit, a Rule 56(d) request should be liberally treated. *Jensen v. Redevelopment Agency of Sandy City,* 998 F.2d 1550, 1553-54 (10th Cir. 1993); *Campbell,* 962 F.2d at 1522.

Accordingly, if a party complies with Rule 56(d) by filing an affidavit explaining why he could not controvert specific facts in a motion for summary judgment and outlining the evidence needed to do so, the court should allow the party to obtain evidence so that it may respond to a summary judgment motion. *King Airway,* 1997 U.S. App. LEXIS 7622 at 15. Denial of such discovery constitutes an abuse of discretion. *Id.; see also Allen v. Collins,* 529 Fed. Appx. 576, 583 (6th Cir. 2013) (where a party has had insufficient time for discovery, denial of a Rule 56(d) motion constitutes an abuse of discretion); *Metro. Life Ins. Co. v. Bancorp Servs., L.L.C.*, 527 F.3d 1330, 1338 (Fed. Cir. 2008) (reversing district court's refusal to grant Rule 56(d) motion when discovery sought was the principal opportunity to contradict statements in declarations that

a district court treated as truthful and dispositive); *Wideman v. Shallowford Cmty. Hosp., Inc*., 826 F.2d 1030, 1037 n.11 (11th Cir. 1987) ("[T]he proceedings in the district court took a bizarre turn when the court accepted the affidavits . . . in support of the defendants' motion for summary judgment, yet refused to permit the plaintiffs to depose those same individuals. This is not a proper practice.").

In accordance with the above-cited legal authority, the attached Rule 56(d) Affidavit identifies the facts that are not available, *see Affidavit* at ¶ 19 (identifying categories of facts necessary to rebut summary judgment), why those facts cannot be presented, *see id.* at ¶ 11 (stay of discovery in place), what steps have been taken to obtain the facts, *see id.* at ¶ 21 (setting forth discovery efforts that would have allowed the opportunity to gather facts to rebut summary judgment absent the stay of discovery), and how additional time will enable DOH Defendants to obtain the facts to rebut Plaintiffs' Motion for Partial Summary Judgment Against Individual DOH Defendants and DOH Defendants. *See id.* at ¶¶ 21-23 (stating that the standard discovery time line will be sufficient to gather the information necessary to rebut summary judgment).

DOH Defendants were not dilatory in pursuing discovery and it was through no fault, delay, or lack of diligence that the State Defendants have found themselves in this position. To the contrary, DOH Defendants were actively litigating this case, timely filing their qualified immunity motions on December 16, 2013, which resulted in a mandatory stay of discovery. *Id.* at ¶ 11. Approximately five months remained for discovery at the time DOH Defendants filed their qualified immunity motions. *See id.* at ¶ 21 (discovery deadline May 1, 2014). Under these circumstances, it would be an abuse of discretion to deny DOH Defendants' Rule 56(d) request. *See King Airway,* 1997 U.S. App. LEXIS 7622 at 15; *see also Allen,* 529 Fed. Appx. at 583; *Metro. Life Ins. Co.,* 527 F.3d at 1338; *Wideman*, 826 F.2d at 1037 n.11 (11th Cir. 1987).

Because Rule 56(d) should be applied liberally, *see Campbell,* 962 F.2d at 1522, and given DOH Defendants' compliance with Rule 56(d)'s requirements, DOH Defendants' Motion should be well taken.

It would be unfair and prejudicial to allow Plaintiffs to support their motion for summary judgment with evidence but refuse to allow DOH Defendants to take the depositions or conduct the discovery necessary to rebut such evidence, especially given the time that remained for discovery at the time the stay was imposed.  There is no prejudice to Plaintiffs in granting a continuance.  They have been out of state custody for over 30 years.  Waiting until the Court decides the qualified immunity motions will not make a significant difference in claims challenging their discharges 30 plus years ago.  Both moving Plaintiffs are on the DD Waiver and receive extensive support services.  Specifically, in their motion, KC claims she was transferred to Clovis in 1974, and JL was discharged in 1979.  Even though it is reported in the motion that there were instances of aftercare, [Doc. 211, pp. 5-6], Clovis has been their place of residence.

## Conclusion

Wherefore, DOH Defendants respectfully request the Court enlarge the time for DOH Defendants to file their response to Plaintiffs' Motion for Partial Summary Judgment Against Individual DOH Defendants and DOH Defendants, on Count I (14th Amendment Procedural Due Process Clause) and on Counts XVI and XVII, until the following occurs:

1.       The Court decides DOH Defendants' pending qualified immunity motions;

2.       After the discovery stay is lifted following decision by the Court on the qualified immunity motion that DOH Defendants be given 75-days from that point to take discovery and respond to Plaintiffs' Motion;

3.      That the Court set revised discovery and litigation dates to account for the time when the stay of discovery was in place following resolution of the pending qualified immunity motions.

Respectfully Submitted,

WALZ AND ASSOCIATES, P.C.

/s/ Jerry A. Walz
JERRY A. WALZ, ESQ.
Attorney for Defendants New Mexico Department
of Health, Los Lunas Center for Persons With
Developmental Disabilities, Retta Ward,
Beth Schaefer, Dan Sandoval, Roger Adams,
and Joseph Mateju
133 Eubank Blvd NE
Albuquerque, NM 87123
(505) 275-1800
jerryawalz@walzandassociates.com

**I HEREBY CERTIFY** that on the 21st day of March, 2014, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Jerry A. Walz
JERRY A. WALZ, ESQ.