IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JL, through her next friend, Bruce Thompson, Esq., et al.**

    **Plaintiffs,**

vs.        No. 2:12-cv-1145 MV/LAM

**NEW MEXICO DEPARTMENT OF HEALTH, et al.,**

    **Defendants.**

## RULE 56(d) AFFIDAVIT REGARDING NEED FOR DISCOVERY TO RESPOND TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT [DOC. 211]

COMES NOW Jerry A. Walz, hereby submits on behalf of the DOH Defendants a Rule 56(d) Affidavit outlining Defendants' inability to respond to Plaintiffs' Motion for Partial Summary Judgment Against Individual DOH Defendants and DOH Defendants on Count I (14th Amendment Procedural Due Process Clause) and on Counts XVI and XVII.

1.    I have been licensed in New Mexico since 1980, and I also hold licenses in Colorado and Texas.

2.    I am admitted to the state courts in New Mexico, Colorado and Texas.

3.    I am admitted to the U.S. District Court for the District of New Mexico, Tenth Circuit Court of Appeals and U.S. Supreme Court. I have also practiced in the U.S. District Court of Arizona, the U.S. District Court of North Dakota, and the U.S. District Court for the Southern District of New York.

4.    I have extensive appellate experience in the federal courts, and have participated in multiple appeals many of which have resulted in published opinions from the Tenth Circuit. Further, I have engaged in pleading practice at the U.S. Supreme Court.

1

**EXHIBIT A**

5. Based on this experience, it is of significant importance to make the appropriate record for the District Court and the appellate court if an appeal becomes necessary.

6. I am very familiar with discovery and motion practice in U.S. District Court based on extensive litigation in which I have been involved during my career.

7. I have received and reviewed Plaintiffs' Motion for Partial Summary Judgment Against Individual DOH Defendants and DOH Defendants on Count I (14th Amendment Procedural Due Process Clause) and on Counts XVI and XVII. [Doc. 211]

8. In that motion, Plaintiffs assert in Section III, Statement of Undisputed Material Facts, 86 separate factual contentions.

9. Even though interspersed in these factual contentions are editorial comments, arguments, and conclusions, there nonetheless are facts identified that need to be addressed by DOH Defendants in their response brief.

10. For the reasons specified below, Defendants are unable to now present facts essential to support their opposition to Plaintiffs' Motion for Partial Summary Judgment Against Individual DOH Defendants and DOH Defendants on Count I (14th Amendment Procedural Due Process Clause) and on Counts XVI and XVII.

11. Currently, there is a stay of discovery based on the filing of qualified immunity motions on December 16, 2013, by the DOH Defendants.

12. Although Defendants cannot engage in discovery pursuant to the stay, and although the stay of discovery is well-taken given the qualified immunity defenses Defendants have raised, *see, e.g., Harlow v. Fitzgerald,* 457 U.S. 800 (1982), discovery needs to be conducted at the appropriate time on claimed undisputed facts set forth by Plaintiffs in their Motion for Partial Summary Judgment Against Individual DOH Defendants and DOH

Defendants on Count I (14th Amendment Procedural Due Process Clause) and on Counts XVI and XVII, and to further respond to representations that the two movant Plaintiffs were dumped, farmed out, abandoned, etc., that appear in Plaintiffs' Statement of Undisputed Material Facts and throughout the argument.

13. Plaintiffs' motion was filed on December 16, 2013, [Doc. 211] the same day DOH Defendants filed their qualified immunity motions as identified in DOH Defendants' motion. Based on pre-filing discussions with all counsel it had been agreed that DOH Defendants would file these qualified immunity motions on or before December 18, 2013, as the parties were trying to arrange their schedules for the remainder of December 2013 and January 2014.

14. Pursuant to the Scheduling Order, Defendants have until June 10, 2014, to file motions.

15. Plaintiffs chose to file their fact bound motion knowing that at a minimum the parties, subject to Court approval, agreed that there would be a stay of discovery.

16. DOH Defendants have filed a separate Motion Seeking Litigation Stay Until Such Time As The Court Determines State Defendants' Motions for Qualified Immunity [Doc. 221], and Plaintiffs have filed a response [Doc. 237].

17. To be clear, DOH Defendants are not seeking to dissolve the stay of discovery, or to carve out discovery with the stay of discovery in place. Rather, DOH Defendants seek discovery, at an appropriate time, following resolution of DOH Defendants' qualified immunity motions, to develop facts to respond to Plaintiffs' Motion for Partial Summary Judgment.

18. As noted the parties had agreed that at a minimum the filing of the qualified immunity motions would stay discovery. Subsequently an order staying discovery was entered. [Doc. 234]

19. DOH Defendants are not seeking to conduct this discovery while this discovery stay is pending, but rather seek discovery to address the 86 alleged undisputed material facts after the court decides DOH Defendants qualified immunity motions and dissolves the discovery stay.

20. DOH Defendants will seek discovery on the following topics raised in Plaintiffs' partial motion for summary judgment:

    a. The location of non-state individuals and information relevant to the predecessor of ENMRSH, and obtain information regarding their participation in the transfer/placement of Plaintiffs KC and JL to Clovis.

    b. The identities of all parties involved in transferring and/or placing Plaintiffs KC and JL in Clovis;

    c. The reasons why such placements were made;

    d. What was the understanding, if any, of the parties as to the responsibility of the various private parties and the Clovis provider(s);

    e. The identities of all non-state case managers, guardians, if any, family members or others who were familiar with any aspect of the transfer/placement of the two Plaintiffs;

    f. What services have been provided to Plaintiffs from the time they were transferred/placed in Clovis through the present to determine what damages, if any, these two plaintiffs have allegedly incurred as a result of the transfer/placement;

g. Determine why there has never been any request made either by the two plaintiffs, or anyone acting on their behalf, to return to LLHTS and/or the Los Lunas area;

h. To determine if there have been any communications from anyone prior to this lawsuit, claiming that these two plaintiffs remained as "wards" of the state of New Mexico;

i. All documents, records and testimony that can be developed to challenge Plaintiffs' argument that Plaintiffs KC and JL were not legally discharged from state custody;

j. The nature and extent of Plaintiffs' independent decision making regarding their care or the decision making of Plaintiffs' guardians with respect to services being provided in Clovis.

21. Even though the parties agreed to utilize in this litigation documents and records, so long as relevant, obtained in *La Familia v. DOH et al.,* First Judicial District Court Case No. D-101-CV-2003-01738, and *Foley v. DOH et al.,* No. 07-cv-604 RB/ACT, these documents do not address the unique features applicable to named plaintiffs KC and JL.

22. At the time Plaintiffs filed their Motion for Partial Summary Judgment, discovery was ongoing and had been scheduled through May 1, 2014. DOH Defendants despite due diligence could not anticipate the exact discovery that would need to have been taken earlier that would have addressed Plaintiffs' 86 Undisputed Material Facts. There would have been ample time for the DOH Defendants to have taken appropriate discovery but for the stay of discovery that was properly entered.

23. It is projected that the DOH Defendants will need 75-days from the date discovery is re-opened to take discovery and respond to Plaintiffs' motion.

24. It is anticipated that new discovery deadlines will be entered by the Court to account for the time that discovery has been stayed.

Procedural Due Process Clause) and on Counts XVI and XVII absent discovery, which has been stayed. Therefore, pursuant to Fed.R.Civ.P.56(d)(1), Defendants request the Court to enlarge the time for DOH Defendants to file a response brief until the qualified immunity motions are resolved, and the DOH Defendants have a reasonable amount of time to take discovery and respond.

_____
Jerry A. Walz, Esq.

SUBSCRIBED AND SWORN to before me on this 21st day of March, 2014, by Jerry A. Walz.

_____
Notary Public

(Seal)

My commission expires:
June 13, 2016