IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JL, through her next friend,
Bruce Thompson, Esq., et al.,

      Plaintiffs,

v.                                        No. 12cv1145 MV/LAM

NEW MEXICO DEPARTMENT
OF HEALTH, et al.,

      Defendants.

## ORDER GRANTING PLAINTIFFS' MOTIONS TO APPOINT GUARDIANS AD LITEM FOR PLAINTIFFS DA and GS

**THIS MATTER** is before the Court on Plaintiffs' motions to appoint Gabrielle Valdez, Esq., as Guardian *ad Litem* for Plaintiff GS [*Docs. 314, 317,* and *318*],[1] and motion to appoint Sara Crecca, Esq., as Guardian *ad Litem* for Plaintiff DA [*Doc. 316*].  The motions ask the Court to appoint these Guardians *ad Litem* "for purposes of representing [GS's and DA's] best interests and serving as an arm of the [C]ourt during the fairness hearing on the settlement of the damages portion of [GS's and DA's] complaint."  [*Docs. 317* and *316* at 1].  On March 4, 2015, Defendants Plains Regional Medical Center ("PRMC") and Presbyterian Healthcare Services ("PHS") (hereinafter, collectively, "PRMC Defendants") filed responses to the motions, stating that they do not generally oppose the appointment of Sara Crecca or Gabrielle Valdez as Guardians *ad Litem*, however they object to Plaintiffs' conclusory statement regarding the competency of DA and GS, and that they oppose the possibility that the Court will be required to

---

[1] It appears that Plaintiffs filed Document 317 to amend Document 314 to note that counsel for the State Defendants consent to the appointment of Ms. Valdez as Guardian *ad Litem* for GS.  *Compare* [*Doc. 314* at 2] *with* [*Doc. 317* at 2].  It further appears that Documents 317 and 318 are identical.  The Court instructs counsel for Plaintiffs in the future to state why they are filing amended motions, and to withdraw the motion(s) upon which they no longer need the Court to rule.

reach a conclusion regarding Plaintiffs' competency before appointing a Guardian *ad Litem* because that is a key issue in this case. [*Doc. 319* at 2-3] and [*Doc. 320* at 2-2]. Also on March 4, 2015, Defendants New Mexico Department of Health, Los Lunas Center for Persons with Developmental Disabilities, Retta Ward, Beth Schaefer, Dan Sandoval, Roger Adams, and Joseph Mateju (hereinafter, collectively, "State Defendants") filed a response to the motions in which they stated that they do not object to the appointment of Sara Crecca or Gabrielle Valdez as Guardians *ad Litem*, but they objected to any order binding them to a finding as to the mental and/or physical status of the settling Plaintiffs, and ask that the Court note in its order appointing the Guardians *ad Litem* that the State Defendants are not precluded from raising and advancing defenses relating to the mental and/or physical disabilities and competency of Plaintiffs. [*Doc. 322* at 2, 4-7]. On March 17, 2015, counsel for Plaintiffs sent to the undersigned a proposed order granting their motions to appoint Guardians *ad Litem* for Plaintiffs DA and GS, stating that all parties consent to the order. The presiding judge in this case has referred these motions to the undersigned to hear and determine pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). *See* [*Doc. 315*] (regarding Document 314) and [*Doc. 328*] (regarding Documents 316, 317 and 318). Having reviewed the motions, responses, the record of this case, and relevant law, the Court hereby enters the parties' modified proposed order granting the motions to appoint GALs for Plaintiffs DA and GS and **FINDS**:

1.      It is within the discretion of the District Court to appoint a Guardian *ad Litem* for a person who is or may not otherwise be able to protect his or her own interests. Pursuant to Fed. R. Civ. P. 17(c)(2), "[t]he Court must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action."

2.      It would be in the best interests of Plaintiffs DA and GS for the Court to appoint a Guardian *ad Litem* for the purpose of reviewing the proposed settlement of the dispute between all Plaintiffs, ENMRSH Defendants, and Defendant The Robert B. Spencer Foundation prior to a fairness hearing.

3.      Attorney Sara Crecca, Esq., has agreed to serve as Guardian *ad Litem* on behalf of DA in the present matter.  The Court finds that attorney Sara Crecca would be an appropriate Guardian *ad Litem* for Plaintiff DA.

4.      Attorney Gabrielle Valdez, Esq. has agreed to serve as Guardian *ad Litem* on behalf of GS in the present matter.  The Court finds that attorney Gabrielle Valdez would be an appropriate Guardian *ad Litem* for Plaintiff GS.

5.      Counsel for all Defendants have consented to the appointments of these Guardians *ad Litem*, with the express understanding that, in agreeing to the appointment of Guardians *ad Litem*, Defendants are taking no position as to any Plaintiff's competence or capacity, generally, and reserve all rights to challenge whether any Plaintiff lacks competence or capacity.  The Court specifically finds that the appointment of the Guardians *Ad Litem* shall have no preclusive effect on the issue of the competency or capacity of any Plaintiff, nor shall any party be permitted to utilize the fact that the Court has appointed Guardians *Ad Litem* for the purpose of any argument that any Plaintiff is incompetent or lacks capacity.

6.      Plaintiffs DA and GS are already represented by counsel in this matter.  This order appointing Guardians *ad Litem* does not contemplate the representation of Plaintiffs DA and GS as an advocate but, instead, their appointment is as an "arm of the Court."   The responsibilities of the Guardians *ad Litem* under this appointment are to the Court and not to the Plaintiffs.

7.     This appointment of Sara Crecca, Esq. and Gabrielle Valdez, Esq. as Guardians *ad Litem* is intended to convey upon them in this action all the immunities and privileges available to a Guardian *ad Litem* as articulated by the New Mexico Supreme Court in *Collins v. Tabet*, 111 N.M. 391, 806 P.2d 40 (1991).

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Sara Crecca, Esq. is appointed as Guardian *ad Litem* for Plaintiff DA and that Gabrielle Valdez, Esq. is appointed as Guardian *ad Litem* for Plaintiff GS for purposes of reviewing the settlement between all Plaintiffs, the ENMRSH Defendants, and Defendant The Robert B. Spencer Foundation and reporting to the Court at the fairness hearing.[2]

**IT IS SO ORDERED.**

_Lourdes A. Martinez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court notes that Guardians *ad Litem* have been appointed for the other four Plaintiffs in this case (JL, EH, RH and KC) by the presiding judge in this case; however, the appointment of those Guardians *ad Litem* was pursuant to Fed. R. Civ. P. 17(c) to represent the best interests of those Plaintiffs in prosecuting this case.  *See* [*Doc. 82* at 5].  Pursuant to the holding in *Collins*, 111 N.M. at 395, 806 P.2d at 44, "a guardian ad litem, appointed in connection with court approval of a settlement involving a minor, is absolutely immune from liability for his or her actions taken pursuant to the appointment, provided that the appointment contemplates investigation on behalf of the court into the fairness and reasonableness of the settlement in its effect on the minor;" however, "if the guardian's appointment does not contemplate actions on behalf of the court but instead representation of the minor as an advocate, or if the guardian departs from the scope of appointment as a functionary of the court and instead assumes the role of a private advocate for the child's position, then the guardian is not immune and may be held liable under ordinary principles of malpractice."  The Court will set a status conference to discuss with the parties the issue of appointment of Guardians *ad Litem* for the remaining four Plaintiffs for purposes of the Court's approval of the partial settlement.  As the Court sees it, the options are: (1) appoint Ms. Crecca, Ms. Valdez and/or other Guardians *ad Litem* for the other four Plaintiffs for purposes of approval of the partial settlement; or (2) clarify the roles of the currently-appointed Guardians *ad Litem* for the other four Plaintiffs to determine whether they comply with the holding in *Collins*.

SUBMITTED: *(Prior to modifications by the Court)*

<u>/s/ *Nancy L. Simmons*</u>
Nancy L. Simmons
120 Girard SE
Albuquerque, NM 87106
*Attorney for Petitioners*

APPROVED:

Robert C. Conklin
320 Gold Ave SE #800
Albuquerque, NM 87102
*Attorney for Plains Regional Medical Center*

<u>/s/ *Jerry A. Walz*</u>
Jerry A. Walz
133 Eubank Blvd NE
Albuquerque, NM 87123
*Attorney for State Defendants*

Patrick Allen
4908 Alameda Blvd NE
Albuquerque, NM 87113
*Attorney for ENMRSH Defendants*

Donald G Bruckner Jr.
6801 Jefferson St. NE #400
Albuquerque, NM 87109
*Attorney for Robert B. Spencer Foundation*