IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JL, through her next friend,
Bruce Thompson, Esq., et al.,

    Plaintiffs,

v.                                       No. 12cv1145 MV/LAM

NEW MEXICO DEPARTMENT
OF HEALTH, et al.,

    Defendants.

### ORDER GRANTING PLAINTIFFS' MOTION TO SET FAIRNESS HEARING

**THIS MATTER** is before the Court on *Plaintiffs' Motion to Set Fairness Hearing and Memorandum in Support Thereof (Doc. 313)*, filed February 19, 2015. In their motion, Plaintiffs ask the Court to set a fairness hearing to approve the settlement of all disputed matters between all Plaintiffs and Eastern New Mexico Mental Retardation Services, Damian Houfek, Robert B. Spencer, and Zia Holding Company (hereinafter, collectively, "ENMRSH Defendants") and Defendant The Robert B. Spencer Foundation (hereinafter "The Foundation Defendant"). [*Doc. 313* at 1]. Plaintiffs further ask the Court to close the fairness hearing to the public and to all parties with the exception of Plaintiffs and their representatives, ENMRSH Defendants and their representatives, and the Court-appointed Guardians *ad Litem*. *Id.* The presiding judge in this case has referred the motion to the undersigned to hear and determine pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). [*Doc. 315*]. On March 4, 2015, Defendants Plains Regional Medical Center ("PRMC") and Presbyterian Healthcare Services ("PHS") (hereinafter, collectively, "PRMC Defendants") filed a response to the motion stating that they do not oppose the Court holding the fairness hearing, but they object

to Plaintiffs' request that all other parties be excluded from the hearing.  [*Doc. 321* at 2].  On March 18, 2015, ENMRSH Defendants filed a reply in support of Plaintiffs' motion [*Doc. 324*], and, on March 24, 2015, Plaintiffs filed a reply in support of their motion [*Doc. 326*].  Having considered the motion, response, replies, record of this case, and relevant law, the Court **FINDS** that the motion is well-taken and shall be **GRANTED**.

In Plaintiffs' motion, they state that the settlement agreement between Plaintiffs, ENMRSH Defendants, and The Foundation Defendant is intended to be confidential, and they ask the Court to close the hearing to the public and to the other named Defendants, and to order that any reports on the settlement submitted to the Court be filed under seal.  [*Doc. 313* at 3].  In response, PRMC Defendants contend that they should be allowed to attend the fairness hearing for two reasons.  First, they contend that excluding the non-settling Defendants from the hearing constitutes an *ex parte* communication between the Court and the settling parties.  [*Doc. 321* at 3].  PRMC Defendants contend that there is a potential prejudice to them because "Plaintiffs and ENMRSH would be free to present information only from their own perspectives and in a one-sided manner without any opportunity on the part of the non-settling defendants to take issue with or comment on the presentations."  *Id.* at 3-4.  Second, PRMC Defendants contend that they have an interest in the proceedings because of the overlapping claims against PRMC and ENMRSH, and because "[t]he terms, conditions, and amount of Plaintiffs' settlement with ENMRSH may have a direct impact on any future claims they may assert against PRMC Defendants for attorneys' fees."  *Id.* at 4.

In reply to PRMC Defendants' response, ENMRSH Defendants contend that PRMC Defendants' concerns about the fairness hearing are not well-founded because there will be no need to present evidence relating to PRMC Defendants at the fairness hearing, and that PRMC

Defendants' contention that they are entitled to know some or all of the terms of the settlement is a matter more properly addressed in the context of discovery. [*Doc. 324* at 2-3]. In Plaintiffs' reply, they contend that allowing a non-settling defendant to object to settlement proceedings between two other parties will discourage voluntary settlement. [*Doc. 326* at 3] (citing *In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1102 (10th Cir. 2001)). Plaintiffs note that they engaged in a lengthy mediation with ENMRSH Defendants and The Foundation Defendant, and that allowing PRMC Defendants to participate in and potentially disrupt the settlement would discourage partial settlement of lawsuits. [*Doc. 324* at 3-4]. Plaintiffs note that the Tenth Circuit has found only one exception to the rule that non-settling defendants have no standing to object to a settlement, which is if the non-settling parties can demonstrate that they are prejudiced by a settlement. *Id.* at 4 (citing *In re Integra*, 262 F.3d at 1102). Plaintiffs contend that PRMC Defendants have not made a showing of such prejudice, and that any claims that PRMC Defendants may have against ENMRSH would not be foreclosed by the settlement between Plaintiffs and ENMRSH because PRMC Defendants are not signatories to the settlement. [*Doc. 326* at 5]. Plaintiffs further contend that, because Plaintiffs have voluntarily dismissed all claims for joint and several liability, PRMC Defendants would have no right to indemnification or contribution from ENMRSH Defendants. *Id.* at 5-6. In addition, Plaintiffs contend that PRMC Defendants' objection to the fairness hearing being closed to the public and other non-settling Defendants is ironic given that settling parties in multi-defendant cases who do not need the Court's approval of settlement, such as non-disabled persons, would not be subject to disclosing the reasoning behind or details of their settlement. *Id.* at 8-9. Plaintiffs contend that any potential prejudice to PRMC Defendants is addressed by the Court's referral of the fairness hearing to the Magistrate Judge, who will not decide the merits of this case, and is in accordance

with this Court's customary settlement conference procedures. *Id.* at 10. Therefore, Plaintiffs ask the Court to "set this matter for a fairness hearing and order that all non-settling Defendants be excluded from the hearing and from participating in the proceedings, without prejudice to any subsequent request by Defendants for discovery related to the fairness hearing. *Id.* at 11.

The Court finds that PRMC Defendants' reasons for opposing Plaintiffs' motion for a closed fairness hearing are unpersuasive for several reasons. First, PRMC Defendants' statement that they wish to attend the fairness hearing so that they can "take issue with or comment on the presentations" of the settling parties (*Doc. 321* at 3-4) indicates that they intend to object in some way to the settlement; however, PRMC Defendants do not have standing to object to the partial settlement. *See In re Integra*, 262 F.3d at 1102 (explaining that the general rule that non-settling parties do not have standing to object to partial settlement between other parties "advances the policy of encouraging the voluntary settlement of lawsuits") (citation and internal quotation marks omitted). While the Tenth Circuit has recognized an exception to this rule when the non-settling party can demonstrate that it is prejudiced by the settlement (*id.*), PRMC Defendants have made no such showing. PRMC Defendants contend that there is a "potential prejudice" to them because the settling parties may present information to the Court that PRMC Defendants would be unable to address, and because the settlement may have an impact on future claims regarding attorneys' fees. [*Doc. 321* at 3-4]. However, the Tenth Circuit has explained that to show prejudice regarding a settlement, it is insufficient for the party "to show merely the loss of some practical or strategic advantage in litigating their case," and that prejudice in this context occurs when "the settlement strips the party of a legal claim or cause of action." *In re Integra*, 262 F.3d at 1102 (citations and internal quotation marks omitted). PRMC Defendants do not contend that the partial settlement in this case strips them of a legal claim or cause of action, only

that there is a potential "impact" on their future claims. [*Doc. 321* at 4]. PRMC Defendants' contentions are especially unpersuasive given Plaintiffs' voluntary dismissal of their claims for joint and several liability against Defendants. *See* [*Doc. 303*] (Plaintiffs' stipulation of voluntary dismissal of certain claims). Therefore, since PRMC Defendants have not made a showing that they have standing to object to the settlement between Plaintiffs, ENMRSH Defendants, and The Foundation Defendant, the Court finds that PRMC Defendants' attendance at the fairness hearing would only serve the purpose of allowing PRMC Defendants to gather information about the settlement itself, including the settling parties' claims and defenses. As pointed out by both ENMRSH Defendants and Plaintiffs, if PRMC Defendants wish to seek discovery relating to the partial settlement, the proper procedure to do so would be pursuant to discovery requests, which would provide an opportunity for the parties and, if necessary, the Court, to consider issues such as relevance and privilege.

Second, the Court rejects PRMC Defendants' contention that the fairness hearing would be an *ex parte* communication between the Court and the settling parties. The Court's Local Rules set forth that evidence of settlement offers and statements made at settlement conferences are inadmissible as provided in Fed. R. Evid. 408, and that confidential statements made to the judge who is conducting the settlement conference will not be disclosed by that judge to any other party. D.N.M. LR-Civ. 16.2(e). Moreover, the judge conducting the settlement conference may not reveal to the trial judge any information about offers or statements made by any party at the settlement conference. *Id.* Thus, to allow non-settling parties to attend fairness hearings at which confidential settlement information will be discussed, would be contrary to the Court's Local Rules regarding the settlement process. Moreover, the Magistrate Judge to whom this case is referred will not be deciding any claims on the merits in this case, so anything disclosed at the

fairness hearing would not affect the substantive issues in this case. Finally, the Court notes that PRMC Defendants provide no authority where a court has allowed a non-settling party to attend a fairness hearing regarding a confidential partial settlement over the objections of the settling parties. For these reasons, the Court rejects PRMC Defendants' opposition to Plaintiff's motion for a fairness hearing, and the Court will grant the motion.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion to Set Fairness Hearing and Memorandum in Support Thereof (Doc. 313)* is hereby **GRANTED** and the Court will set a fairness hearing regarding the settlement between Plaintiffs, ENMRSH Defendants, and The Foundation Defendant.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**