**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JL, through her next friend,
Bruce Thompson, Esq., et al.,

    Plaintiffs,

vs.                                        No. 2:12-cv-1145 MV/CG

NEW MEXICO DEPARTMENT
OF HEALTH, et al.,

    Defendants.

**ORDER DENYING MOTION TO LIFT STAY ON DISCOVERY**

**THIS MATTER** is before the Court upon *Plaintiffs' Motion to Lift Stay on Discovery* ("Motion"), (Doc. 380), filed November 9, 2015; Defendant Plains Regional Medical Center's ("Defendant Plains"), *Response in Opposition*, (Doc. 382) filed on November 23, 2015; the State Defendants' *Response in Opposition*, (Doc. 383), filed on November 23, 2015; Plaintiff's *Reply* to both Responses, (Doc. 385), filed on November 30, 2015; and the State Defendants' *Surreply*, (Doc. 389), filed on December 9, 2015. Because the law favors staying discovery pending disposition of motions based on qualified immunity, and Plaintiffs have otherwise not stated sufficient cause for lifting the stay, the Court will **DENY** the Motion.

**I.**      **Background**

Discovery in this case was stayed upon agreement of the parties in February 2014 pending disposition of the Individual DOH Defendants' motions to dismiss based on qualified immunity.[1] (Docs. 231, 234). In the *Unopposed Motion Granting Stay of Discovery As to All Parties Pending Resolution of Individual DOH Defendants' Qualified*

---

[1] The "Individual DOH Defendants" refers to Defendants Beth Schaefer, Dan Sandoval, Roger Adams, and Joseph Mateju.

*Immunity Motions* that precipitated the stay, the State Defendants noted, "U.S. Supreme Court, Tenth Circuit and District of New Mexico case law precedent imposes a stay of discovery upon the filing of a qualified immunity motion." (Doc. 231 at 1). They further noted that "[t]he stay as to discovery should apply to all parties to this action." *Id.* at 2. Counsel for all parties stated that they did not oppose the entry of a stay until the qualified immunity motions were resolved. Of the five qualified immunity motions that have been filed in this case by DOH Defendants, four have been decided, (Docs. 212, 213, 267, and 275), and one remains pending. (Doc. 214).

**II.     Analysis**

As grounds for moving to the lift the stay, Plaintiffs assert generally that this case is over three years old, discovery has been stayed for almost two years, and the stay is being imposed for an effectively indefinite period of time. Plaintiffs further argue that, while discovery was originally stayed upon agreement pending disposition of DOH Defendants' qualified immunity motions, the purpose of a stay based on qualified immunity is no longer being served. Considering Plaintiffs' interest in moving this case forward in the face of very serious health problems, Plaintiffs maintain that equity clearly favors lifting the stay of discovery.

Defendants respond that, under Supreme Court and Tenth Circuit precedent, when a defendant asserts the defense of qualified immunity, all discovery should be stayed until the question of whether that defendant is entitled to qualified immunity is resolved. Defendants contend that the fact that discovery has been stayed for nearly two years is not necessarily relevant to the question of whether the stay of discovery remains appropriate. Similarly, Defendants state that while the death of Plaintiff RH and the

deteriorating health of other plaintiffs during this litigation is unfortunate, it is not linked to the length of this litigation.

### A. Law Relating to Staying Discovery

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It is an entitlement not to stand trial or face the other burdens of litigation, and acts as an immunity from suit rather than a mere defense to liability. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (internal citations omitted). Indeed, "even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The United States Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson*, 555 U.S. 231 (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). Accordingly, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (internal citations omitted). It follows that when a defendant files a dispositive motion on the basis of qualified immunity, the defendant is normally entitled to a stay of all discovery. *Johnson v. Curry Cty Juvenile Detention Center*, CV No. 07-58 JP/LFG, *2 (D.N.M. filed July 3, 2007) (citing *Jiron*, 392 F.3d at 414). The policies underlying the stay require that all discovery in the case be

stayed, including discovery as to other parties and claims that are unrelated to the question of qualified immunity. *Martinez v. Carson*, 697 F.3d 1252, 1256 (10th Cir. 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 685–86 (2009) (explaining that qualified immunity defendants would not be free from the burdens of discovery if discovery as to other parties in the action proceeded)).

To be sure, the right to be free from discovery pending disposition of qualified immunity motions is not absolute. If a court determines that "it cannot rule on the immunity defense without clarifying the relevant facts, the court 'may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *Stonecipher v. Valles*, 759 F.3d 1134, 1149 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 881, 190 (2014) (citing *Backe v. LeBlanc,* 691 F.3d 645, 648 (5th Cir. 2012)). However, general discovery used to flesh out the merits of a plaintiff's claim is not allowed. *Herrera v. Santa Fe Pub. Sch.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *8 (D.N.M. Dec. 20, 2012) (unpublished) (citing *B.T. v. Davis*, 557 F. Supp. 2d 1262, 1286 (D.N.M. 2007).

### B. The Law Favors Staying Discovery Pending Disposition of DOH Defendants' Dispositive Motions

Here, discovery was originally stayed by agreement pending the disposition of DOH Defendants' motions to dismiss based on qualified immunity. Plaintiffs primarily argue that the stay should now be lifted because this case is over three years old, and discovery has been stayed for almost two years. Plaintiffs cite to cases outside this Circuit for the proposition that an extended, indefinite stay is impermissible. *See, e.g.*, *King v. Cessna Aircraft Company*, 505 F.3d 1160, 1172 (11th Cir. 2007) (internal citations omitted) (holding that a protracted and indefinite period of delay in a case is impermissible); *Davis v. Walker*, 745 F.3d 1303, 1309 (9th Cir. 2014) (holding that a stay

in proceedings predicated on a plaintiff being restored to competency was both lengthy and indefinite, if not infinite). To the extent these cases are persuasive, the Court finds that the discovery stay in this case is not for a speculative or indefinite period of time. Indeed, the stay was originally agreed upon pending the disposition of DOH Defendants' dispositive motions based on qualified immunity, and may be lifted when all qualified immunity motions have been decided. At this point, four of those five motions have very recently been ruled on, and the Court finds that it is not unreasonable to expect that the fifth motion will be ruled on shortly.

Similarly, the fact that Defendants did not seek a stay of discovery until eleven out of the twelve months of discovery had elapsed does not warrant lifting the stay. *See Herrera* 2012 WL 6846393, at *7 ("That [Defendant] did not immediately raise the question whether she is immune from this lawsuit does not mean that she has [now] lost the right to be protected from the burdens of litigation, including discovery, that still remain."). The right to be free from the burdens of litigation is not waived if a defendant fails to raise the defense of qualified immunity within a certain period of time. *Id.* Thus, "[o]nce the defendant raises the issue, even if not at earliest possible stage of litigation, until the threshold immunity question is resolved, discovery should not be allowed." *Id.* (internal citations and alterations omitted).

Plaintiffs' argument that the stay in this case no longer serves the underlying policies of qualified immunity is also misplaced. Plaintiffs argue that, because the individual DOH defendants in this case have retired from public service, there is no need to protect them from broad-ranging discovery that can be disruptive of effective government. However, the defense of qualified immunity contemplates costs of litigation

5

other than overwhelming discovery that may lead to the "distraction of officials from their governmental duties." *Harlow*, 457 U.S. at 816. In addition, it seeks to address the potential for litigation to inhibit discretionary action and deter able people from public service. *Id.* While there may be no concern that the DOH Defendants will be distracted from any current governmental duties, the costs of inhibiting discretionary action and deterring able people from public service remain relevant.

Plaintiffs further contend that, no matter the Court's ruling on the remaining qualified immunity motion, the DOH Defendants will continue to remain involved in this litigation. However, Plaintiffs do not provide the Court with any authority suggesting that this is relevant to the question of staying discovery pending qualified immunity motions. The law is well-established that discovery should be stayed until the Court decides qualified immunity issues. *Herrera*, 2012 WL 6846393, at *10. Without authority suggesting otherwise, lifting the stay of discovery because litigation against DOH Defendants will inevitably continue would be contrary to existing precedent and the policy underlying the stay.

In addition, throughout their briefing, Plaintiffs emphasize that the additional proposed discovery goes to claims to which the qualified immunity defense is inapplicable. Plaintiffs also assert that Defendant Plains is benefiting from the stay based on the DOH Defendants' qualified immunity motions. However, regardless of whether the proposed discovery focuses on claims or defendants unrelated to the qualified immunity defense, it is well-settled that when one defendant asserts the defense of qualified immunity, discovery should be stayed as to all defendants in the proceeding. *Martinez*, 697 F.3d at 1256.

Finally, the Court finds that Plaintiffs' deteriorating health, while extremely unfortunate, does not have any bearing on whether the stay of discovery should be lifted. State Defendants note that, Plaintiff RH, who passed away during the length of this litigation, received timely and appropriate diagnosis and medical treatment for his condition notwithstanding the litigation. Defendants state that all other Plaintiffs have case managers and are presently receiving ongoing healthcare and benefits. Because Plaintiffs' health issues exist regardless of this litigation, the Court does not find that Plaintiffs' health establishes good cause to lift the stay of discovery, especially considering only one motion based on qualified immunity requires ruling.

### III.     Conclusion

In sum, Tenth Circuit precedent establishes that discovery should be stayed pending disposition of motions asserting the defense of qualified immunity. For the foregoing reasons, in the face of this precedent, Plaintiffs have not demonstrated sufficient cause to warrant lifting the stay. As a result, the Court finds that the stay should not be lifted.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion to Lift Stay on Discovery*, (Doc. 380), be **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE