**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

JL, through her next friend, Bruce Thompson, Esq., et al.

Plaintiffs,

v. No. 12-CV-1145 MV/LAM

NEW MEXICO DEPARTMENT OF HEALTH, et al.,

Defendants.

**MEMORANDUM OPINION**

**THIS MATTER** comes before the Court on the DOH Defendants'[1] Motion and Supporting Memorandum for Extension of Time to Respond to Plaintiffs' Motion for Partial Summary Judgment [Doc. 211] Based on Need for Discovery as Shown by Fed. R. Civ. P. 56(d) ("Rule 56(d) Motion"), [Doc. 249], and on the State Defendants' Opposed Motion Seeking Litigation Stay Until Such Time as the Court Determines State Defendants'[2] Motions for Qualified Immunity ("Motion to Stay"), [Doc. 221]. The Court entered an order filed September 29, 2015, [Doc. 376], granting the Rule 56(d) Motion and denying the Motion to Stay. In the order, the Court indicated that at a later date it would issue a memorandum opinion more fully detailing the rationale for its decision. This Memorandum Opinion sets forth that rationale.

[1] The "DOH Defendants" refers to the New Mexico Department of Health ("DOH"), the Los Lunas Center for Persons with Developmental Disabilities, Retta Ward, Dan Sandoval, Roger Adams, and Joseph Mateju.

[2] The "State Defendants" refers to Dan Sandoval, Roger Adams, Joseph Mateju, Beth Schaefer, and Does 1-10.

**DISCUSSION**

The Court first sets forth its reasoning for granting the DOH Defendants' Rule 56(d) Motion. The Court thereafter sets forth its reasoning for denying the State Defendants' Motion to Stay.

I.  The DOH Defendants' Rule 56(d) Motion.

Plaintiffs filed their Motion for Partial Summary Judgment Against the Individual DOH Defendants and DOH Defendants on Count I (14th Amendment Procedural Due Process Clause) and on Counts XVI and XVII, [Doc. 211], on December 16, 2013. The DOH Defendants did not file a response to Plaintiffs' motion, but instead filed their Rule 56(d) Motion. In this motion, the DOH Defendants ask the Court to grant them 75 days after the stay of discovery is lifted to respond to Plaintiffs' motion for summary judgment. The DOH Defendants assert that with this additional time they will conduct discovery to obtain unavailable facts that are necessary to respond to the motion for summary judgment, and the DOH Defendants explain that they cannot currently obtain these facts because the parties agreed upon, and the Court entered, a stay of all discovery.

Pursuant to Federal Rule of Civil Procedure 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment]," the court may, in its discretion, (1) defer considering a motion for summary judgment or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d); *see also Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553-54 (10th Cir. 1993). "The general principle of Rule 56(d) is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition." *Price ex rel. Price v. W.*

*Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). "'Unless dilatory or lacking in merit,'" a party's 56(d) application "'should be liberally treated.'" *Jensen*, 998 F.2d at 1553-54 (quoting *Comm. for 1st Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

Rule 56(d), however, is not a license for a "fishing expedition," *Lewis v. Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990), and the party invoking Rule 56(d) must explain by affidavit why the party cannot present facts precluding summary judgment, *Price*, 232 F.3d at 783. The Tenth Circuit has held that a Rule 56(d) affidavit must satisfy four requirements: (1) identify the "probable facts not available," and (2) explain why those facts "cannot be presented currently," (3) "what steps have been taken to obtain these facts," and (4) "how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Id.*; *see also Valley Forge Ins., Co. v. Health Care Mgmt. Partners*, 616 F.3d 1086, 1096 (10th Cir. 2010); *Jensen*, 998 F.2d at 1554. If "the party filing the Rule 56[(d)] affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." *Id.* (citation omitted).

For the reasons discussed below, the Court concludes that the DOH Defendants have complied with the requirements of Federal Rule of Civil Procedure 56(d) by "show[ing] by affidavit . . . that, for specified reasons, [they] cannot present facts essential to justify [their] opposition," Fed. R. Civ. P. 56(d), and that their Rule 56(d) affidavit satisfies the Tenth Circuit's threshold requirements for relief under Rule 56(d), *Price*, 232 F.3d at 783. In addition, the Court further concludes that, for the reasons discussed herein, the DOH Defendants have not been dilatory in attempting to obtain the required information. Because the DOH Defendants have invoked Rule 56(d), have satisfied its requirements, and have not been dilatory, the Court defers ruling upon Plaintiffs' motion for summary judgment and grants the DOH Defendants additional

time to take discovery and respond to Plaintiffs' motion.

A. The DOH Defendants' Rule 56(d) Affidavit Satisfies the Tenth Circuit's Threshold Requirements.

In the Tenth Circuit, an affidavit supporting a Rule 56(d) motion must satisfy four requirements. The Court evaluates whether the DOH Defendants' affidavit satisfies the requirements in turn.

1. The Rule 56(d) Affidavit Identifies the Probable Facts Not Available.

A party seeking relief pursuant to Rule 56(d) first must identify by affidavit the "probable facts not available." *Price*, 232 F.3d at 783. The DOH Defendants' Rule 56(d) affidavit itemizes several probable facts that defendants maintain both are unavailable and are necessary to respond to Plaintiffs' motion for summary judgment on the procedural due process claims. In opposition to the DOH Defendants' Rule 56(d) Motion, however, Plaintiffs maintain that many of the facts that the DOH Defendants identify as essential to their opposition are not relevant to Plaintiffs' motion for summary judgment, such as facts related to the question of damages, Defendants' motivation for placing Plaintiffs in third-party settings, and Plaintiffs' motivation for not requesting a return to the Los Lunas Hospital and Training School. Plaintiffs argue that unavailable *irrelevant* facts are not sufficient to warrant Rule 56(d) relief. *See Jensen*, 998 F.2d at 1554 (explaining that Rule 56(d) relief should not be granted if "the information sought is either irrelevant to the summary judgment motion or merely cumulative") (citation omitted).

While Plaintiffs correctly note that the DOH Defendants' affidavit identifies several irrelevant unavailable facts, the affidavit also identifies unavailable facts that are relevant to Plaintiffs' motion for summary judgment. The affidavit, for example, indicates that the DOH Defendants require discovery to obtain the "identities of all parties involved in transferring and/or

placing Plaintiffs KC and JL in Clovis" and the "identities of all non-state case managers, guardians, if any, family members or others who were familiar with any aspect of the transfer/placement of the two Plaintiffs." [Doc. 249-1 at 4, ¶ 20b]. The DOH Defendants contend that, "because liability under § 1983 must 'be predicated on a violation traceable to a defendant-official's own actions,' . . . the identities of the individuals actually responsible for the placements is critical." [Doc. 288 at 8 (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013))]. The Court agrees. Information regarding the identities of those parties involved in transferring KC and JL to Clovis is relevant to Plaintiffs' procedural due process claims.[3]

The DOH Defendants' Rule 56(d) affidavit, construed liberally, also identifies a second set of currently unavailable facts that are relevant to Plaintiffs' motion for summary judgment. The DOH Defendants' Rule 56(d) affiant attests that they require additional time to discover "[w]hat services have been provided to Plaintiffs from the time they were transferred/placed in Clovis through the present." [Doc. 249-1 at 4, ¶ 20f].[4] The DOH Defendants contend that this information is relevant to the question of liability, [Doc. 288 at 9], because "Plaintiffs cannot claim

[3] If, for example, discovery revealed that one of the State Defendants did not participate in Plaintiffs' transfer, this fact would be relevant to the question whether Plaintiffs have established that that particular defendant personally participated in the acts giving rise to Section 1983 liability.

[4] Although the affidavit indicates that the DOH Defendants seek this information "to determine what damages, if any, . . . plaintiffs have allegedly incurred as a result of the transfer/placement," which indicates that the DOH Defendants seek this information to limit damages and not to defeat liability, the DOH Defendants argue in support of their motion that they seek the information for a relevant purpose: To generate a question of fact whether the DOH Defendants denied Plaintiffs the benefit of services when they discharged them from the Los Lunas Hospital and Training School. Construing the DOH Defendants' Rule 56(d) Motion liberally, *cf. Jensen*, 998 F.2d at 1553-54 ("'Unless dilatory or lacking in merit,'" a party's 56(d) application "'should be liberally treated.'") (quoting *Comm. for 1st Amend.*, 962 F.2d at 1522), the Court concludes that the DOH Defendants have identified unavailable probable facts that are relevant to Plaintiff's motion for summary judgment.

a denial of benefits and services available at the Training School . . . if the services Plaintiffs received from the Clovis facility were identical [to] or exceeded the services they were receiving or would have received from the Training School," [*id.* at 6]. Plaintiffs have not challenged this assertion other than to claim in conclusory form that the services and benefits Plaintiffs received in Clovis is relevant only to damages. [Doc. 277 at 5].

In the absence of any argument or authority cited by Plaintiffs, which is required by the Court's Local Rules, D.N.M.LR-Civ. 7.3(a) (providing that parties must "cite authority in support of the legal positions advanced"), the Court holds that, consistent with its obligation to construe the DOH Defendants' Rule 56(d) Motion liberally, *Jensen*, 998 F.2d at 1553-54, the information the DOH Defendants seek regarding the type of services offered at the Clovis facility could be relevant to the question of liability. Moreover, the information related to the identities of those involved in the transfer to Clovis is relevant to liability. Thus, because the DOH Defendants' Rule 56(d) affidavit identifies at least some probable unavailable facts that are relevant to liability, the Court holds that the Rule 56(d) affidavit satisfies the first of the Tenth Circuit's threshold requirements for obtaining relief under Rule 56(d).

2. The Rule 56(d) Affidavit Explains Why the DOH Defendants Currently Cannot Present the Required Facts.

A party seeking relief pursuant to Rule 56(d) next must explain by affidavit why the party currently cannot present the facts it requires to respond to the motion for summary judgment. *Price*, 232 F.3d at 783. The DOH Defendants' affiant attests that they cannot present the required facts because the DOH Defendants have not yet conducted the discovery necessary to obtain the facts and the DOH Defendants cannot presently conduct the discovery because discovery is stayed

pending the Court's ruling on the issue of qualified immunity. [Doc. 249-1 at 2 ¶ 11].[5] The Court holds that this attestation satisfies the Tenth Circuit's second requirement that a Rule 56(d) affidavit explain why the party opposing summary judgment cannot present facts necessary to respond to the motion.

3. The Rule 56(d) Affidavit Identifies the Steps the DOH Defendants have Taken to Obtain the Required Facts.

The DOH Defendants Rule 56(d) affidavit also complies with the Tenth Circuit's third requirement for obtaining Rule 56(d) relief. A party seeking Rule 56(d) relief must identify by affidavit "what steps have been taken to obtain the[] facts" needed to respond to a motion for summary judgment. *Price*, 232 F.3d at 783. The DOH Defendants have explained that, as an alternative to conducting additional discovery, they reviewed the discovery from two related cases—*i.e.*, *La Familia v. DOH et al.*, No. D-101-CV-2003-01738 (First Judicial District Court, State of New Mexico), and *Foley v. DOH et al.*, No. 07-CV-0604 RB/ACT (D.N.M)—but that they were not able to obtain the information they require from the discovery in these related cases because the issues in this case are distinct from those in the prior cases (most notably, the transfers of KC and JL to Clovis were not at issue in the prior cases). [Doc. 249-1 at 5, ¶¶ 21-22; Doc. 288 at 10; Doc. 249 at 6, ¶ 18; *id.* at 9]. The DOH Defendants further assert that although they have not taken any steps to obtain the precise discovery they require in this case regarding KC's and JL's transfers to Clovis, they have not done so because the Court has stayed discovery pending

5 Plaintiffs filed their motion for summary judgment on December 16, 2013, which is the same date on which the State Defendants filed three of their motions to dismiss asserting the defense of qualified immunity. The DOH Defendants' affidavit establishes that, at the time the parties filed these motions, they agreed that litigation would be stayed pending ruling on the motions raising qualified immunity. Consistent with the parties' agreement and authorities staying discovery pending resolution of the issue of qualified immunity, the DOH Defendant filed an unopposed motion to stay discovery, [Doc. 231], and the Court entered an order on February 4, 2014, [Doc. 234], granting the motion to stay discovery.

resolution of the issue of qualified immunity. The Court concludes that the DOH Defendants' affidavit describing the steps they have taken to obtain the facts they require to respond to Plaintiffs' motion for summary judgment satisfies the Tenth Circuit's third requirement for Rule 56(d) affidavits.

4. The Rule 56(d) Affidavit Explains How Additional Time will Enable the DOH Defendants to Obtain the Required Facts and Rebut the Motion for Summary Judgment.

The DOH Defendants' Rule 56(d) affidavit complies with the last of the Tenth Circuit's requirements for Rule 56(d) affidavits. The Tenth Circuit requires a Rule 56(d) affiant to explain how additional time will enable the party opposing summary judgment to obtain facts necessary to rebut the motion. *Cf. Price*, 232 F.3d at 783. The DOH Defendants have represented that by granting them additional time to respond to Plaintiffs' motion—*i.e.*, 75 days after the Court lifts the stay of discovery—they will be able to conduct the discovery they require to respond to the motion. The Court holds that the DOH Defendants' explanation is sufficient to satisfy the Tenth Circuit's fourth requirement for Rule 56(d) affidavits.

B. The DOH Defendants have Not Been Dilatory.

Having concluded that the DOH Defendants' Rule 56(d) affidavit satisfies the Tenth Circuit's four threshold requirements for granting relief pursuant to Rule 56(d), the Court next must determine whether the DOH Defendants have been dilatory in obtaining the necessary facts. Even if a party opposing summary judgment satisfies the Tenth Circuit's requirements for Rule 56(d) affidavits, the Tenth Circuit has held that if "the party filing the Rule 56[(d)] affidavit has been dilatory, . . . no extension [of time to respond to a motion for summary judgment] will be granted." *Jensen*, 998 F.2d at 1554 (citation omitted). Plaintiffs argue that the Court should deny the DOH Defendants relief pursuant to Rule 56(d) because the DOH Defendants have been

dilatory in obtaining the information they maintain is required to oppose Plaintiffs' motion for summary judgment.

Plaintiffs argue that the DOH Defendants have been dilatory because discovery was pending for one year prior to the entry of the Court's stay of discovery, and the DOH Defendants nonetheless failed to depose JL or to take any other depositions (except the depositions of KC and her guardian ad litem); Plaintiffs further argue that the DOH Defendants failed to interview Los Lunas Hospital and Training School staff, DOH employees, and other third parties. [Doc. 277 at 4, ¶ 24; *id.* at 6, ¶ 28]. In addition, Plaintiffs assert that the DOH Defendants have not explained why they cannot obtain the information they allegedly require by interviewing witnesses or obtaining documents outside of the formal discovery process and that the DOH Defendants have not explained why they cannot respond to Plaintiffs' motion for summary judgment with affidavits instead of with deposition testimony. [*Id.*]. For several reasons, the Court is not persuaded that these omissions amount to dilatory conduct by the DOH Defendants that warrants the denial of their request for Rule 56(d) relief.

First, at the time Plaintiffs filed their motion for summary judgment and the State Defendants raised the issue of qualified immunity by way of their motions to dismiss, the DOH Defendants still had four and one-half months prior to the discovery deadline during which they could have conducted discovery to obtain the facts that the Rule 56(d) affidavit indicates Defendants require. [Doc. 249-1 at 5, ¶ 22 (asserting that because discovery was still ongoing at the time Plaintiffs filed their motion for summary judgment, had the parties not agreed to stay discovery, "[t]here would have been ample time for the DOH Defendants to have taken appropriate discovery")]. Second, in their Rule 56(d) affidavit, the DOH Defendants explain that they reasonably did not conduct discovery to obtain the facts they now seek because the DOH

Defendants did not anticipate that Plaintiffs would file their motion for summary judgment as early as mid-December 2013 for two reasons: (1) the dispositive motions deadline was June 10, 2014, [*Id.* at 3, ¶ 14]; and (2) Plaintiffs knew that the State Defendants would be filing motions raising qualified immunity on or before December 18, 2013, [*id.* ¶ 13], and that discovery would be stayed pending resolution of the issue of qualified immunity, [*id.* ("[b]ased on . . . discussions" that occurred prior to the filing of the motions to dismiss on the ground of qualified immunity, "it had been agreed that DOH Defendants would file these qualified immunity motions on or before December 18, 2013"); *id.* ¶ 15 (explaining that Plaintiffs knew Defendants would be moving for dismissal on the ground of qualified immunity and Plaintiffs agreed that there would be a stay of discovery)]. Moreover, the DOH Defendants' Rule 56(d) affiant attests that, if the DOH Defendants had conducted additional discovery, even with "due diligence" they could not have anticipated prior to being served with a copy of Plaintiffs' motion for summary judgment the exact discovery that they would have been required to obtain to rebut the undisputed material facts that Plaintiffs set forth in their motion for summary judgment. [*Id.* at 5, ¶ 22].

The Court is persuaded by these arguments. The Court concludes that, because the DOH Defendants still had four and one-half months remaining during the discovery period at the time Plaintiffs filed their motion for summary judgment and the State Defendants raised the defense of qualified immunity (which was the impetus for the stay of discovery), the DOH Defendants' failure to obtain the required facts does not constitute a dilatory omission that warrants the denial of Rule 56(d) relief. Moreover, the Court concludes that the DOH Defendants' failure to obtain the required information was not dilatory because the parties agreed that the State Defendants would be filing their motions to dismiss asserting qualified immunity on or before December 18, 2013, the parties agreed to stay discovery pending the Court's resolution of the issue of qualified

immunity, and the State Defendants raised qualified immunity approximately six months prior to the dispositive motions deadline on June 10, 2014. Under these circumstances, construing the DOH Defendants' Rule 56(d) request for relief liberally, as the Court must, the Court cannot conclude that it was unreasonable for the DOH Defendants to assume that Plaintiffs would wait until later in the litigation—*i.e.*, when a discovery stay would not be in place—to file their motion for summary judgment.

C. The Court Grants the DOH Defendants Relief Pursuant to Rule 56(d).

Pursuant to Rule 56(d) and Tenth Circuit authority, if a party opposing summary judgment shows by affidavit that it cannot present facts essential to justify its opposition to a motion for summary judgment, the Court may, among other things, defer considering a motion for summary judgment and allow a party opposing summary judgment time to take discovery. *Cf.* Fed. R. Civ. P. 56(d); *Jensen*, 998 F.2d at 1553-54. Because the DOH Defendants have satisfied the requisite showings required by Rule 56(d) and the Tenth Circuit, and because the Court has concluded that the DOH Defendants have not been dilatory in obtaining the unavailable facts, the Court grants the DOH Defendants relief pursuant to Rule 56(d) and defers its ruling on Plaintiffs' motion for summary judgment.[6]

II. The State Defendants' Motion to Stay.

The State Defendants seek a stay of all litigation "with the exception of matters that are already briefed and ready for adjudication by the Court." [Doc. 221 at 2]. The State Defendants maintain that, after the parties agreed upon a stay of discovery, the State Defendants performed "further analysis as to the scope of the proposed stay . . . and . . . determined in good faith that the

[6] The DOH Defendants ask the Court to grant them 75 days after the stay of discovery is lifted to respond to Plaintiffs' motion for summary judgment. This request, however, is moot. The DOH Defendants have already responded to Plaintiffs' motion.

stay also should apply to other litigation matters as well, not just matters staying discovery." [*Id.*]. Plaintiffs oppose the State Defendants' Motion to Stay.

The State Defendants argue that a litigation stay is necessary for two reasons:   If discovery of all litigation is not stayed, (1) the State Defendants would be required to respond to Plaintiffs' motion for summary judgment and responding to the motion would "require the state defendants to take and complete extensive discovery and incur extensive litigation costs," and (2) "Plaintiffs would need to respond to State Defendants' three non-qualified immunity motions,"—*i.e.*, the DOH Defendants' Motion to Dismiss Plaintiffs' Claims Under the Medicaid Act and Supporting Memorandum, [Doc. 215], the DOH Defendants' Motion to Dismiss Plaintiffs' Rehabilitation Act and Americans With Disabilities Act Claims and Supporting Memorandum, [Doc. 216], and the DOH Defendants' Motion to Dismiss Plaintiffs' Claims Under the Tort Claims Act and Supporting Memorandum, [Doc. 217]—"and in turn replies would be required by State Defendants."   [*Id.* at 3].

Neither of the State Defendants' reasons merits the entry of a stay of all litigation.  The Court already has granted the DOH Defendants' Rule 56(d) Motion, [Doc. 376], and has deferred its ruling on Plaintiffs' motion for summary judgment.  Thus, a litigation stay is not necessary to prevent the State Defendants from responding to Plaintiffs' motion for summary judgment. Moreover, Plaintiffs already have filed responses to the three motions filed by the DOH Defendants, [Docs. 235, 236, 238], and the DOH Defendants similarly have filed replies to the responses, [Docs. 250, 257, 255].  Thus, a stay of all litigation is not necessary to prevent the parties from completing the briefing on the DOH Defendants' three motions.

Nor will a stay of all litigation prevent the State Defendants from having to litigate claims that the Court ultimately may dismiss on the ground of qualified immunity.   The Court already

has denied in part the Individual DOH Defendants' Motion and Memorandum in Support to Dismiss Plaintiffs' Procedural Due Process Claims on the Basis of Qualified Immunity and denied the Individual DOH Defendants' Motion to Dismiss Plaintiffs' Fourth Amendment Claim on the Basis for Qualified Immunity and Supporting Memorandum. [Doc. 375]. Thus, the State Defendants must litigate at least some of Plaintiffs' claims against them.

The State Defendants have not established that a stay of all litigation is necessary or serves a valid purpose. Because the Court perceives no benefit to staying all litigation, and because Plaintiffs maintain that they would be prejudiced by such a stay, the Court denies the State Defendants' Motion to Stay.

## CONCLUSION

For the foregoing reasons, the Court in its September 30, 2015, order, [Doc. 375], ORDERED that the DOH Defendants' Motion and Supporting Memorandum for Extension of Time to Respond to Plaintiffs' Motion for Partial Summary Judgment [Doc. 211] Based on Need for Discovery as Shown by Fed. R. Civ. P. 56(d), [Doc. 249], is GRANTED, and that the State Defendants' Opposed Motion Seeking Litigation Stay Until Such Time as the Court Determines State Defendants' Motions for Qualified Immunity, [Doc. 221], is DENIED.

Dated this 17th day of February, 2015.

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE