UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JL, through her next friend, Bruce Thompson,
Esq., et al.,

    Plaintiffs,

v.                                                                             Civ. No. 12-1145 MV/GJF

NEW MEXICO DEPARTMENT OF HEALTH,
et al.,

    Defendants.

**ORDER ON DEFENDANT PRMC'S MOTION TO COMPEL [ECF No. 474]**

THIS MATTER is before the Court on Defendant PRMC's "Opposed Motion to Compel Responses to Requests for Production from all Plaintiffs and Answers to Interrogatories from Plaintiffs EH, RH, GS, and KC, and Memorandum of Law in Support" ("Motion") [ECF No. 474]. Having reviewed the parties' briefing, considered argument at the December 1, 2016 hearing, and being otherwise fully advised, the Court **GRANTS IN PART and DENIES IN PART** Defendant PRMC's Motion for the reasons set forth from the bench during the hearing.

IT IS THEREFORE ORDERED as follows:

Privilege Logs:  As set forth throughout this Order, to the extent that Plaintiffs are withholding any materials under attorney-client privilege, the work product doctrine, or Federal Rule of Civil Procedure ("Rule") 26(b)(4) that would otherwise be responsive to the discovery requests at issue in the instant Motion, Plaintiffs shall create and disclose detailed privilege logs that comply with Rule 26(b)(5).

Request for Production No. 2: Plaintiffs shall produce all responsive materials with the exception of those they contend are protected by attorney-client privilege and/or the work

1

product doctrine. Any materials being withheld on these bases shall be identified on a privilege log.

Request for Production No. 4: Plaintiffs shall produce all responsive materials with the exception of those they contend are protected by attorney-client privilege and/or the work product doctrine. Any materials being withheld on these bases shall be identified on a privilege log.

Request for Production No. 8: Plaintiffs shall produce all responsive materials with the exception of those they contend are protected by attorney-client privilege and/or the work product doctrine. Any materials being withheld on these bases shall be identified on a privilege log.

Request for Production No. 9: Plaintiffs shall produce all responsive materials with the exception of those they contend are protected by attorney-client privilege and/or the work product doctrine. Any materials being withheld on these bases shall be identified on a privilege log.

Request for Production No. 10: Plaintiffs shall produce all documents relied upon or created by Ms. Russo in generating her findings, as set forth in the March 19, 2013, letter of Nancy L. Simmons, and all documents reviewed, created by, or relied upon by Ms. Russo in generating her report. Any other responsive materials being withheld must be identified on a privilege log. Plaintiffs need not produce the final draft of Ms. Russo's report, any drafts of any expert report that Ms. Russo has created after March 2013, or any drafts of her affidavit and report [ECF No. 65].

Request for Production No. 11: Plaintiffs shall produce all responsive documents and communications with the exception of those they contend are protected by attorney-client

privilege, the work product doctrine, and/or Rule 26(b)(4).  Any materials being withheld on these bases shall be identified on a privilege log.  Plaintiffs need not produce the final draft of Ms. Hart's report, any drafts of any expert report that Ms. Hart has created after March 2013, or any drafts of her affidavit and report [ECF No. 66].

Interrogatory No. 1: Plaintiffs EH, RH, GS, and KC shall amend their answers and specifically provide details about the kind of damage they suffered, and the material facts, witnesses, and documents supporting these claims.  Plaintiffs need not include the amount of damages sought nor support for how the damages were calculated.

Interrogatory No. 2: Plaintiffs EH, RH, GS, and KC shall amend their answers and provide information about the identity and service period of case managers and case manager supervisors for the time period both before and after PRMC provided services to Plaintiffs.

Interrogatory No. 3: Plaintiffs EH, RH, GS, and KC shall amend their answers to include the material facts that support the allegations in paragraph 112 of the amended complaint, as well as the names of witnesses and the documents on which they intend to rely to prove the allegations.

Interrogatory No. 4: Plaintiff GS shall amend his answers to include the material facts that support the allegations in paragraph 113 of the amended complaint, as well as the names of witnesses and the documents on which he intends to rely to prove the allegations.

Interrogatory No. 5: Plaintiffs EH, RH, GS, and KC shall amend their answers to include the material facts that support the allegations in paragraph 114 of the amended complaint, as well as the names of witnesses and the documents on which they intend to rely to prove the allegations.

Interrogatory No. 6: Plaintiffs EH, RH, GS, and KC shall amend their answers to include the material facts that support the allegations in paragraph 115 of the amended complaint, as well as the names of witnesses and the documents on which they intend to rely to prove the allegations.

Interrogatory No. 7: Plaintiffs EH, RH, GS, and KC shall amend their answers to include the material facts that support the allegations in paragraph 116 of the amended complaint, as well as the names of witnesses and the documents on which they intend to rely to prove the allegations.

Interrogatory No. 8: Plaintiffs EH, RH, GS, and KC shall amend their answers to include the material facts that support the allegations in paragraph 117 of the amended complaint, as well as the names of witnesses and the documents on which they intend to rely to prove the allegations.

**Plaintiff EH**

Interrogatory No. 9: Plaintiff EH shall amend her answer to include the material facts that support the allegations in paragraphs 215-216 of the amended complaint, as well as the names of witnesses and the documents on which she intends to prove the allegations.

Interrogatory No. 10: Plaintiff EH shall amend her answer to include the material facts that support the allegations in paragraph 218 of the amended complaint, as well as the names of witnesses and the documents on which she intends to prove the allegations.

Interrogatory No. 11: Plaintiff EH shall amend her answer to include the materials facts that support the allegations in paragraph 459 of the amended complaint, as well as the names of witnesses and the documents on which she intends to rely to prove the allegations.

Interrogatory No. 12: Plaintiff EH shall amend her answer to include the material facts that support the allegations in paragraphs 471-472 of the amended complaint, as well as the names of witnesses and the documents on which she intends to rely to prove the allegations.

Interrogatory No. 14: Plaintiff EH shall amend her answer to identify the specific contracts and the specific contractual provisions she alleges were violated by PRMC or its personnel.

Interrogatory No. 16: Plaintiff EH shall supplement her answer with a detailed list of potential witnesses and a reasonably informative summary of their expected testimony.

Interrogatory No. 17: Plaintiff EH shall supplement her answer with a time frame for when the complaints were made, what the complaints concerned, a general description of how many times a complaint was made, and whether the complaint was memorialized in any way.

**Plaintiff RH**

Interrogatory No. 9: Plaintiff RH shall amend his answer to include the material facts that support the allegations in paragraph 213 of the amended complaint, as well as the names of witnesses and the documents on which he intends to prove the allegations.

Interrogatory No. 10: Plaintiff RH shall amend his answer to include the material facts that support the allegations in paragraph 237 of the amended complaint, as well as the names of witnesses and the documents on which he intends to prove the allegations.

Interrogatory No. 11: Plaintiff RH shall amend his answer to include the material facts that support the allegations in paragraphs 238-239 of the amended complaint, as well as the names of witnesses and the documents on which he intends to prove the allegations.

Interrogatory No. 12: Plaintiff RH shall amend his answer to include the material facts that support the allegations in paragraphs 262-264 of the amended complaint, as well as the names of witnesses and the documents on which he intends to prove the allegations.

Interrogatory No. 13: Plaintiff RH shall amend his answer to include the materials facts that support the allegations in paragraph 459 of the amended complaint, as well as the names of witnesses and the documents on which he intends to rely to prove the allegations.

Interrogatory No. 14: Plaintiff RH shall amend his answer to include the material facts that support the allegations in paragraphs 471-472 of the amended complaint, as well as the names of witnesses and the documents on which he intends to rely to prove the allegations.

Interrogatory No. 16: Plaintiff RH shall amend his answer to identify the specific contracts and the specific contractual provisions he alleges were violated by PRMC or its personnel.

Interrogatory No. 18: Plaintiff RH shall supplement his answer with a detailed list of potential witnesses and a reasonably informative summary of their expected testimony.

Interrogatory No. 19: Plaintiff RH shall supplement his answer with a time frame for when the complaints were made, what the complaints concerned, a general description of how many times a complaint was made, and whether the complaint was memorialized in any way.

## Plaintiff GS

Interrogatory No. 9: Plaintiff GS shall amend his answer to include the material facts that support the allegations in paragraph 342 of the amended complaint, as well as the names of witnesses and the documents on which he intends to prove the allegations.

Interrogatory No. 10: Plaintiff GS shall amend his answer to include the material facts that support the allegations in paragraph 353 of the amended complaint, as well as the names of witnesses and the documents on which he intends to prove the allegations.

Interrogatory No. 11: Plaintiff GS shall amend his answer to include the materials facts that support the allegations in paragraph 459 of the amended complaint, as well as the names of witnesses and the documents on which he intends to rely to prove the allegations.

Interrogatory No. 12: Plaintiff GS shall amend his answer to include the material facts that support the allegations in paragraphs 471-472 of the amended complaint, as well as the names of witnesses and the documents on which he intends to rely to prove the allegations.

Interrogatory No. 14: Plaintiff GS shall amend his answer to identify the specific contracts and the specific contractual provisions he alleges were violated by PRMC or its personnel.

Interrogatory No. 16: Plaintiff GS shall supplement his answer with a detailed list of potential witnesses and a reasonably informative summary of their expected testimony.

Interrogatory No. 17: Plaintiff GS shall supplement his answer with a time frame for when the complaints were made, what the complaints concerned, a general description of how many times a complaint was made, and whether the complaint was memorialized in any way.

**Plaintiff KC**

Interrogatory No. 9: Plaintiff KC shall amend her answer to include the material facts that support the allegations in paragraph 315-318 and 326 of the amended complaint, as well as the names of witnesses and the documents on which she intends to prove the allegations.

Interrogatory No. 10: Plaintiff KC shall amend her answer to include the materials facts that support the allegations in paragraph 459 of the amended complaint, as well as the names of witnesses and the documents on which she intends to rely to prove the allegations.

Interrogatory No. 11: Plaintiff KC shall amend her answer to include the material facts that support the allegations in paragraphs 471-472 of the amended complaint, as well as the names of witnesses and the documents on which she intends to rely to prove the allegations.

Interrogatory No. 13: Plaintiff KC shall amend her answer to identify the specific contracts and the specific contractual provisions she alleges were violated by PRMC or its personnel.

Interrogatory No. 15: Plaintiff KC shall supplement her answer with a detailed list of potential witnesses and a reasonably informative summary of their expected testimony.

Interrogatory No. 16: Plaintiff KC shall supplement her answer with a time frame for when the complaints were made, what the complaints concerned, a general description of how many times a complaint was made, and whether the complaint was memorialized in any way.

IT IS FURTHER ORDERED that Plaintiffs shall comply with this Order in regard to Request for Production No. 11 by **December 31, 2016**.

IT IS FURTHER ORDERED that Plaintiffs shall comply with the remainder of this Order by **February 1, 2017**.

**IT IS SO ORDERED.**[1]

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will issue its decision by separate order on PRMC's pending motion for attorney's fees under Rule 37.