UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JL, through her next friend, Bruce Thompson,
Esq., et al.,

    Plaintiffs,

v.                                                           Civ. No. 12-1145 MV/GJF

NEW MEXICO DEPARTMENT OF HEALTH,
et al.,

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTIONS TO APPOINT GUARDIANS AD LITEM FOR PLAINTIFFS DA, GS, JL, EH, AND KC

THIS MATTER is before the Court on: "Plaintiffs' Motion to Appoint Sara Crecca as Guardian ad Litem for Purposes of Fairness Hearing and Memorandum in Support Thereof" [ECF No. 514], "Plaintiffs' Motion to Appoint Gabrielle Valdez as Guardian ad Litem for Purposes of Fairness Hearing and Memorandum in Support Thereof" [ECF No. 515], and Plaintiffs' "Motion for an Order Re-Appointing Guardians ad Litem for Plaintiffs JL, EH and KC" [ECF No. 519] (collectively, "Motions"). The Motions ask the Court to appoint these Guardians ad Litem for purposes of representing Plaintiffs' [DA, GS, JL, EH, and KC] best interests and for serving "as an arm of the Court for all duties [the guardians] will perform on behalf of [DA, GS, JL, EH, and KC]." *See* Pls.' Mot. to Appoint Sara Crecca as Guardian ad Litem for Purposes of Fairness Hr'g and Mem. in Support Thereof 3, ECF No. 514. The presiding judge in this case has referred the Motion to the undersigned to hear and determine pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). *See* ECF No. 523. Having considered the Motions, reviewed the record, and being otherwise fully advised, the Court FINDS:

1

1. It is within the discretion of the District Court to appoint a Guardian ad Litem for a person who is or may not otherwise be able to protect his or her own interests. Pursuant to Fed. R. Civ. P. 17(c)(2), "[t]he Court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action."

2. It would be in the best interests of Plaintiffs DA, GS, JL, EH, and KC for the Court to appoint a Guardian ad Litem for the purpose of reviewing the proposed settlement of the dispute between all Plaintiffs and the New Mexico Department of Health, Los Lunas Center for Persons with Developmental Disabilities, Retta Ward, Beth Schaefer, Dan Sandoval, Roger Adams, and Joseph Mateju ("State Defendants") prior to a fairness hearing.

3. Attorney Sara Crecca, Esq., has agreed to serve as Guardian ad Litem on behalf of Plaintiff DA in the present matter. The Court FINDS that Sara Crecca, Esq., would be an appropriate Guardian ad Litem for Plaintiff DA.

4. Attorney Gabrielle Valdez, Esq., has agreed to serve as Guardian ad Litem on behalf of Plaintiff GS in the present matter. The Court FINDS that Gabrielle Valdez, Esq., would be an appropriate Guardian ad Litem for Plaintiff GS.

5. Attorney Bruce Thompson, Esq., has agreed to serve as Guardian ad Litem on behalf of Plaintiff JL in the present matter. The Court FINDS that Bruce Thompson, Esq., would be an appropriate Guardian ad Litem for Plaintiff JL.

6. Attorney Feliz Rael, Esq., has agreed to serve as Guardian ad Litem on behalf of Plaintiff EH in the present matter. The Court FINDS that Feliz Rael, Esq., would be an appropriate Guardian ad Litem for Plaintiff EH.

7. Attorney Diane Garrity, Esq., has agreed to serve as Guardian ad Litem on behalf of Plaintiff KC in the present matter. The Court FINDS that Diane Garrity, Esq., would be an appropriate Guardian ad Litem for Plaintiff KC.

8. It is appropriate that the Guardian ad Litem with the most information about the claims and defenses in this case should be relied upon by the Court to analyze the terms and conditions of the partial proposed settlement in the context of the entire case history.

9. As the Court appointed Guardians ad Litem advising and informing the Court about the proposed settlement, Guardians ad Litem should be entitled to engage in all actions and proceedings necessary to enable his or her performance of services on behalf of the Court.

10. At the fairness hearing, the Guardians ad Litem should be prepared to report to the Court on the nature and scope of his or her investigation, his or her conclusions, and his or her recommendations regarding both the fairness and reasonableness of the proposed settlement and the manner in which the settlement monies should be held or used on behalf of Plaintiffs.

11. Upon the entry of an order approving the proposed settlement, the appointments of the Guardians ad Litem will automatically cease and those appointed shall have no further or continuing duties to the Court or the parties pursuant to this appointment.

12. The appointments of Sara Crecca, Esq., Gabrielle Valdez, Esq., Bruce Thompson, Esq., Feliz Rael, Esq., and Diane Garrity, Esq., as Guardians ad Litem in connection with the Court's consideration of a proposed settlement of the claims brought against the State Defendants, do not contemplate the representation of Plaintiffs DA, GS, JL, EH, and KC as advocates, but, instead, their appointments are as an "arm of the Court." The

responsibilities of the Guardians ad Litem under this appointment are to the Court and not to the Plaintiffs.

13. The appointments of Sara Crecca, Esq., Gabrielle Valdez, Esq., Bruce Thompson, Esq., Feliz Rael, Esq., and Diane Garrity, Esq., as Guardians ad Litem are intended to convey upon them in this action all of the immunities and privileges available to a Guardian ad Litem as articulated by the New Mexico Supreme Court in *Collins v. Tabet*, 1991-NMSC-013, 111 N.M. 391, 806 P.2d 40.

**IT IS THEREFORE ORDERED** that the Motions are hereby **GRANTED**. Accordingly,

Sara Crecca, Esq., is appointed as Guardian ad Litem for Plaintiff DA.

Gabrielle Valdez, Esq., is appointed as Guardian ad Litem for Plaintiff GS.

Bruce Thompson, Esq., is appointed as Guardian ad Litem for Plaintiff JL.

Feliz Rael, Esq., is appointed as Guardian ad Litem for Plaintiff EH.

Diane Garrity, Esq., is appointed as Guardian ad Litem for Plaintiff KC.

These appointments are for the purpose of reviewing the settlement between all Plaintiffs and the State Defendants and reporting to the Court at the upcoming fairness hearing, which the Court will set by separate Order.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE